ELIZA McEWEN, APPELLANT, v. EUGENE A. BREWS-TER, EXECUTOR, ETC., OF PETER NEAFIE, DECEASED, AND OTHERS, RESPONDENTS.

*Income of fund held by executor — power of the party entitled thereto, to assign it — when it passes to a receiver appointed in supplementary proceedings had against such assignee.*

The plaintiff was entitled to receive the interest and income of certain property, held by the defendant, Brewster, as executor, during her life. One M. agreed to give the plaintiff a home, and support, maintain and clothe her, in consideration of receiving the income to which she was entitled under the will; in pursuance of which agreement the plaintiff gave M. a power of attorney to receive the income from the executor, which has never been revoked. The agreement was communicated to the executor and accepted and acted upon by him for at least eighteen years.

In an action by the receiver, appointed in supplementary proceedings instituted on a judgment recovered against M. to recover surplus income in the hands of the executors, which had accumulated while the plaintiff was supported by M., *held*, that the accrued income became the property of M. by virtue of an equitable assignment and passed to his receiver.

*McEwen* v. *Brewster* (17 Hun., 223), overruled.

APPEAL from a judgment directing the payment of certain money by Eugene A. Brewster, as executor, entered upon the trial of this action by the court without a jury.

The justice found that about twenty years ago, Peter Neafie, a resident of the town of Montgomery, died, leaving a last will and testament, which contained the following provision, to wit : That the executor should keep the proceeds of the testator's personal estate invested during the lives of his wife, Margaret, and her sister, Eliza McEwen, and during the lifetime of the survivor of them, and pay over the interest and income thereof to the said Margaret and Eliza, during their lives, in equal shares, and to the survivor during her life.

That the plaintiff is the Eliza McEwen above mentioned, and the defendant, Eugene A. Brewster, is one of the executors named in said will, and now holds the fund derived from said personal property, amounting to $4,000, for the said uses and purposes, and that the widow, Margaret, died many years since.

That the said Eliza McEwen is seventy-eight years of age, and is a feeble person, and has no other source of income than under said will. That said provision was made by the said Peter Neafie, for her support and maintenance.

That the plaintiff has boarded with one Newton B. Millspaugh for more than eighteen years past, under the following agreements : Millspaugh was to give her a home, furnish her with clothes and what she should need, and was to take the income under the will for his pay, and about the same time, to wit : on the 26th day of December, 1859, the plaintiff executed to Millspaugh, a power of attorney, authorizing him to receive the income from the executor. This power of attorney was deposited with Mr. Brewster, the executor, and has not been revoked. The arrangement was communicated to the said executor, and he acquiesced in it, and from time to time paid over the income to said N. B. Millspaugh.

That at the time of the commencement of this action, the said plaintiff still resided with said Millspaugh, and he had, up to that time, furnished and provided her maintenance and support as agreed, and had actually received, from the said executor, the said income, except the sum of $500, which still remains in the hands of the said Brewster, although said Millspaugh had demanded the same.

That the said income was not any more than a just equivalent for said maintenance.

That one Caroline Millspaugh, the wife of said Newton B. Millspaugh, heretofore brought an action against Eliza McEwen, to recover for the same board and maintenance, which is hereinbefore mentioned as having been furnished by said Newton B. Millspaugh, and judgment upon an offer was entered for the same, and proceedings were had thereunder to reach the $500, in the hands of the defendant, Brewster, as property in hands of a third person belonging to the judgment debtor; an injunction was issued and served on the defendant, Brewster, which still remains in full force, and by an order dated March 17, 1877, the defendant, Harvey Weed, Jr., was duly appointed receiver of the debts, property, etc., of the said Eliza McEwen, and the defendant, Brewster, was therein restrained from making any disposition of property in his hands belonging to said Eliza McEwen. This order was also served on the defendant, Brewster, and still remains in full force.

That such proceedings have heretofore been had in this court, that by an order dated the 20th day of September, 1876, the defendant, Samuel J. Parmenter, was appointed receiver of the debts, property, etc., of the said Newton B. Millspaugh.

The justice directed that judgment be entered directing the payment of the said sum of $500, less the costs of this action, to the said Parmenter, receiver, by the said defendant, Brewster, and that the defendants, Brewster and Parmenter, be paid costs out of said fund.

The case has already been before the General Term, being reported in 17 Hun at page 223. With reference to this decision, Mr. Justice Dykman said : " In the decision of this case, at the General Term, the case of *Thurber* v. *Chambers* (66 N. Y., 42),

was overlooked. The principles there laid down must control here, and the plaintiff cannot recover. She intended, by her contract with Millspaugh, that he should have the benefit of the provision in the will for her support, and the fund in the hand of the defendants belonged to him.

The plaintiff, therefore, cannot recover, but the fund must go to Parmenter as the receiver of Millspaugh."

*Chas. H. Winfield*, for the appellant.

*Howard Thornton*, for Parmenter, receiver, respondent.

Pʀᴀᴛᴛ, J. :

The claim made by the defendant, Parmenter, "that the plaintiff having agreed with Millspaugh that if he would furnish the board, clothing and all other necessary things, he should receive the income for his pay ; such income being, in fact, no more than a just equivalent ; and that arrangement having been communicated to the trustee, and accepted by him, and acted upon for at least eighteen years, and Millspaugh having executed his part of the agreement, the income in question, all of which accrued during the period that Millspaugh supported the plaintiff, must be regarded as having been actually applied to the support of the plaintiff, and as having been transferred to Millspaugh, in payment for such support," seems to be well founded and decisive of this case. Millspaugh was not a party to the suit of Mrs. Millspaugh against the plaintiff, and it is no way affected by the judgment. It was the plain intent of the parties that Millspaugh should have the income as fast as it accrued. The plaintiff states : I have lived with Mr. Millspaugh, from the first till now, under the same agreement ; he was to give me a home, furnish me with clothes, and what I should need, and he was to take the income under the will for his pay. In pursuance of this arrangement, the plaintiff executed a power of attorney to Millspaugh, authorizing him to receive the income from the executor as fast as it became due. This power of attorney has never been revoked, but has been acted upon until the commencement of this suit. There was no other means by which Millspaugh could be compensated for the

support of the plaintiff, and upon it he relied while carrying out his part of the agreement. It was the province of the court to effectuate the intention of the parties by holding that the accrued income was the property of Millspaugh, by virtue of an equitable assignment. It was not necessary there should be an assignment in writing. If it was the intent of the plaintiff that Millspaugh should have the income, and he had fairly earned it under the agreement, it was the duty of the court to give effect to such intention and enforce Millspaugh's right. (*Thurber* v. *Chambers*, 66 N. Y., 42.) It was not an agreement to apply a particular fund to the payment of a particular debt; but the application was made as fast as anything became due to Millspaugh under the agreement. That the money was paid over to Millspaugh only at stated periods is not material. The money being the property of Millspaugh, it passed to his receiver.

Judgment affirmed with costs.

Present — BARNARD, P. J., and PRATT, J., DYKMAN, J., not sitting.

Judgment affirmed, with costs.