(22 Misc. Rep. 246.)

SMITH et al. v. GILLIATT et al.

(Supreme Court, Special Term, Orange County.   January, 1898.)

1. INTERLOCUTORY JUDGMENTS—MODIFICATION.
   Where the report of a referee is confirmed without opposition, the court
   has jurisdiction, on motion for final judgment, to modify the order con-
   firming the report and the interlocutory judgment by including a claim re-
   jected by the referee.

2. WILLS—FUNERAL EXPENSES—LIABILITY OF ESTATE.
   Property devised to testator's wife for life, and at her death, if anything
   remained after all her just debts were paid, to go to the children, is properly
   chargeable with her funeral expenses paid by a son.

Action by Irving D. Smith and Maggie E. Smith, his wife, against
William Gilliatt and others for the partition of real estate.   Order
confirming the report of a referee which rejected a claim of defendant
William Gilliatt modified.

Joseph W. Gott, for plaintiffs.   .

Garrett Z. Snider, for defendant William Gilliatt.

HIRSCHBERG, J.   This action partitions real estate of which
John Gilliatt died seised.   By his will he devised his property to his
widow for life in the following terms:

"To my wife, Bridget Gilliatt, I give and bequeath all my property, both
personal and real, during her lifetime, and at her death, if anything should be
left after all her just debts are paid, to be divided equal between my three
children, viz. Matilda, wife of Charles Lewis, Catharine Gilliatt, and William
Gilliatt."   .

On the death of the widow, her funeral expenses, amounting to
$130, were paid by her son, the defendant William Gilliatt, and he
asks to be allowed that sum out of the proceeds of the sale, on the
theory that it is a charge upon the real estate.   The referee appointed
to ascertain the rights and interests of the parties rejected his claim,
and the report was confirmed without opposition, but I think the
court has jurisdiction to entertain the question as now presented on
motion for final judgment, and to modify the order confirming the
report and the interlocutory judgment, if the conclusion of the referee
was erroneous, without subjecting the parties to the delay and expense
of an appeal.   It seems to me quite clear that the testator intended
to charge his property with the payment of his wife's funeral expenses.
In a restricted sense, the word "debts" would embrace only obliga-
tions resulting from the widow's contracts.   But the word is not
used in the will in this restricted sense.   The intent of the testator
controls, and it was evidently his intention that, should the income
of his estate prove insufficient for his wife's support, she should have
recourse to the principal, and that the children named should take
only what might be left by her at her death.   He must be presumed
to have contemplated and to have thus provided for her decent inter-
ment after her decease, and to have included the necessary expense
of such interment in the phrase "all her just debts."   Under the most
strict construction it must be conceded that she could have herself
contracted for her funeral expenses, and that the expense would then

have been a legal charge upon the land.    If this be so, it follows that such expenses were included in those contemplated by the testator, and that, therefore, a child, who, after her death, paid the funeral bill, is entitled to be reimbursed.    In effect, her husband left her his entire estate to be used so far as her comfort and necessities required, and the children were made legatees only in the event that something should be left after his wife's death.    As was said in Chapple v. Cooper, 13 Mees. & W. 259:

"There are many authorities which lay it down that decent Christian burial is a part of a man's own rights, and we think it is no great extension of the rule to say that it may be classed as a personal advantage, and reasonably necessary to him.    His property, if he leaves any, is liable to be appropriated by his administrator to the performance of this proper ceremonial.    If, then, this be so, the decent Christian burial of his wife and lawful children, who are the personæ conjunctæ with him, is also a personal advantage and reasonably necessary to him."

See, also, Allport v. Jerrett, 61 Hun, 447, 16 N. Y. Supp. 233.

Provisions in a will intended for the support of a wife receive the most favorable construction to accomplish the purpose intended. Thurber v. Chambers, 66 N. Y. 42; Stimson v. Vroman, 99 N. Y. 80, 1 N. E. 147.    The testator knew that it would be necessary to bury his wife after she died.    He directed, in effect, that all his property should be devoted to her uses and needs; and that, if anything was left by her unexpended, it should go to the children.    And the provision that this remainder should be only what was left after the payment of all her just debts is couched in terms which to the lay mind would naturally include the funeral bill, and which must include it under a construction which recognizes the objects sought by the testator in subjecting his entire estate to meet all the necessities of his wife from his death to her interment.    The final judgment should provide that the funeral bill is a charge upon the real estate, to be paid before division of the funds arising from the sale.    The interlocutory judgment will be modified in accordance with this opinion.    Costs and allowances to be adjusted on settlement of the decree.

Ordered accordingly.