In the Matter of the Accounting of Samuel Hirschfeld et al., as Coexecutors of Minnie Herman, Deceased.

Surrogate's Court, New York County, May 25, 1951.

*Strauss & Abrahams* for coexecutors, petitioners.

*Irving M. Rosen,* special guardian for Alan Franks and another, infants, respondents.

*Otto A. Samuels* for Dorothea H. Franks, individually and as coexecutrix and cotrustee under the will of Minnie Herman, deceased, respondent.

FRANKENTHALER, S. In paragraph fifteenth of her will, testatrix directed the division of her residuary estate into two equal parts. The first of these was left in trust, the income to be paid to her son for life. Upon his death and during the life of his son, the income is to be paid one half to his wife and one half to his son. There were appropriate remainder provisions after the grandson's death with an ultimate contingent remainder to Dorothea Hirschfeld Franks, daughter of a deceased son. The other half share of the residuary estate is disposed of in the following manner: " To take the other half thereof and to hold the same during the life of my granddaughter, Dorothea Hirschfeld Franks. Upon the death of my granddaughter, Dorothea Hirschfeld Franks, I give, devise and bequeath the principal of her share of my estate to her issue share and share alike, or, if she die without issue, to my son, Samuel Hirschfeld, or his issue share and share alike." Since there is no express disposition of the income during the lifetime of Dorothea Hirschfeld Franks, the executors have requested instructions from the court. Where the testator has evidenced a general plan for the distribution of his property, the court will imply such gifts as are necessary to effectuate this plan (*Matter of Gallien,* 247 N. Y. 195; *Williams* v. *Jones,* 166 N. Y. 522; *Matter of Baylies,* 104 N. Y. S. 2d 238). Hence, " an inadvertent omission in some particular, should be subordinated to the intent without regard to technical objections if in harmony with the general scheme and purpose of the will " (*Williams* v. *Jones, supra,* p. 533). " In such a case the court may reject words and limitations, supply them or transpose them " (*Phillips* v. *Davies,* 92 N. Y. 199, 204).

Testatrix has here manifested a general plan to benefit Mrs. Franks. Referred to as " my beloved granddaughter ", she is named as an executrix and trustee, as contingent remainderman of the trust of the first half of the residue and as legatee of a major part of the property specifically bequeathed. Moreover, the paragraph under construction refers to the half in question as " her share ", a meaningless phrase unless she is to receive some benefit therefrom. Under the circumstances, the paragraph is construed as containing an effective gift of the income to Dorothea Hirschfeld Franks for her life.

The fees and disbursements of the attorneys for the executors will be fixed on the submission of the decree in which direction will be made for reservation by the trustees of a sum sufficient for the payment of Federal estate taxes.

Submit, on notice, itemized bill of disbursements and decree construing the will in accordance with the foregoing ruling and settling as final the account filed. In the interest of orderly accounting practice, the coexecutrix may wish to submit an affidavit adopting the account. Proceed accordingly.