In the Matter of the Construction of the Will of HENRY G. CRAM, Deceased.

Surrogate's Court, Monroe County, November 10, 1953.

*D. L. Streppa* for Security Trust Company of Rochester, as trustee under the will of Henry G. Cram, deceased, petitioner.

*Joseph R. Schurman* for Richard F. Allen and others, respondents.

WITMER, S.   The court is asked to construe the will herein to determine whether the interests of certain remaindermen were contingent or vested at testator's death, and to determine

the right of the trustee to make advances from the principal of the trust to the surviving life beneficiary, and in case such advances are made, to determine whether or not certain remaindermen are then entitled to a distribution of an equal amount of principal.

By paragraph "*Fifth*" of his will the testator devised and bequeathed all noncash assets in trust to pay half of the income to his wife, Gertrude B. Cram, for life and the other half to his sister, Lillian Russell Allen, for life, and as to the latter he provided " and upon her death.I direct that her one-half of said income be paid to the following persons or the survivors of them, in equal shares. Gilman Sitterly Allen, Richard F. Allen, Robert J. Allen and Gertrude L. Allen, all of 122 Hamilton Street, Rochester, New York."

In paragraph " *Sixth* " he provided in part as follows: " *Sixth*: I direct that the trust hereinbefore provided for my wife, Gertrude B. Cram, and my sister, Lillian Russell Allen, shall terminate upon the death of both my said wife and sister and I direct my said Trustee to pay over and transfer the principal of said trust then remaining to the following persons and in the following manner: (2) The remaining one-half of said principal remaining shall be paid to the following persons, or to the survivors of them, in equal shares: Gilman Sitterly Allen, Richard F. Allen, Robert J. Allen and Gertrude L. Allen."

The said Gilman Sitterly Allen was the son of the life beneficiary, testator's sister, Lillian Russell Allen, and he was the father of the other three of said remaindermen, to wit, Richard F., Robert J. and Gertrude L. Allen. They all survived the testator. The sister, Lillian Russell Allen, died on May 1, 1952. After the institution of this proceeding, her son, the said Gilman Sitterly Allen, died on September 11, 1953, and his estate has appeared herein by his executor.

In paragraph " *Eighth* " of his will the testator gave his trustee authority to invade the principal of the trust, as follows: "*Eighth*: I hereby authorize my Trustee in its discretion to apply to the use of my said wife and sister such sums of principal of said Trust Fund as in its discretion may be reasonably necessary for the maintenance, support or the general welfare of my said wife and sister upon the condition, however, that if a payment is made from the principal of the trust to either my said wife or sister that an equal payment be made to the other."

The trustee alleges that the widow is in need of more funds than half of the income of the trust, and requests the deter-

mination that it has the right to invade the principal for her benefit. The testator granted to his trustee the authority to invade the trust for either the wife or sister " upon the condition, however, that if a payment is made from the principal of the trust to either my said wife or sister that an equal payment be made to the other." Since the sister is dead, no equal payment may be made to her, if a payment is made to the widow, and the first question presented is whether that fact bars the trustee from paying out any more principal.

It is patent that testator's primary concern was the welfare of his wife and sister. " Provisions for the benefit of a wife should be construed liberally in her favor." (*Moffett* v. *Elmendorf,* 152 N. Y. 475, 487; and see *Stimson* v. *Vroman,* 99 N. Y. 74, 80; *Matter of Moss,* 230 App. Div. 741.) It is held that the testator did not intend that the trustee's authority to advance funds from principal for the wife be limited to the lifetime of the sister, and that the trustee may apply to the use of the wife " such sums of principal of said Trust Fund as in its discretion may be reasonably necessary for the maintenance, support or the general welfare " of the widow, subject to the limitations hereinafter stated.

In paragraphs " *Second* ", " *Third* " and " *Fourth* " of his will the testator bequeathed all of his " cash " at his death, " whether in bank or otherwise ", one half to his wife and the other half to his sister, except for $1,000 thereof to her son, Gilman Sitterly Allen. In paragraph " *Fifth* " the testator devised and bequeathed the residue of his estate in trust to pay half of the income to his wife for life and the other half to his sister for life. He added in effect that during the continuance of the trust after the death of one of the two life beneficiaries, the income previously payable to the deceased life beneficiary should be paid to certain named relatives of the deceased life beneficiary or the survivors of them. In paragraph " *Sixth* " the testator provided for distribution of the remaining trust corpus upon the death of *both* life beneficiaries, directing half to be paid to certain named relatives of his widow and the other half to certain named relatives of his sister or the survivors of them.

Thus it is clear that at this point the testator intended that his estate should be equally divided between his wife and her relatives on the one hand, and his sister and her descendants on the other. The only possible modification of this plan is contained in paragraph " *Eighth* " in which he authorized use of principal for either life beneficiary. But to that author-

ization he attached a string or limitation, to wit, "that if a payment is made from the principal of the trust to either my said wife or sister that an equal payment be made to the other." Instead of weakening the previous provisions for equality of division of his estate, this clause emphasizes and makes clear that such was the testator's fundamental plan and intent in all respects. It must be assumed that the testator knew that possibly half of his estate might not be sufficient for either his wife or his sister, but that in any event half was the full extent of the benefit that he wished to confer upon each.

Paragraph "*Eighth*" must be construed, therefore, as though the following words were added thereto, to wit, " or if she be dead, to the persons named as beneficiaries of the remainder of her share in paragraph ' *Sixth* ' above."

Turning to the question of when the interests of the remaindermen vest, it is observed that upon the death of either life beneficiary during the continuance of the trust the income becomes payable to certain named relatives of such deceased life beneficiary " or the survivors of them ". The term " or the survivors of them " used in relation to income is interpreted to mean " survivors at the time the income accrues ". With respect to principal a similar conclusion is reached here. It is true that where a bequest is made to certain persons *nominatim* that fact is an important consideration in favor of vesting at testator's death; but where the bequest is subject to a life use and coupled with a direction to the trustee " to pay over * * * the principal * * * then remaining " to such named persons " or the survivors of them ", that, taken in conjunction with the other provisions in this will above noted, requires the determination that the remainders vested and will vest at the deaths of the respective life beneficiaries subject to the survivors of the first life beneficiary surviving any future distributions of principal in the lifetime of the second life beneficiary, and, with respect to final distribution of principal, subject to the survivors of the first life beneficiary surviving the second life beneficiary. (*New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Knott,* 123 N. Y. S. 2d 836; Restatement, Property, §§ 251, 257; and cf. *Matter of Seely,* 110 N. Y. S. 2d 206, and authorities cited therein.)

Since Gilman Sitterly Allen survived his mother, the life beneficiary, Lillian Russell Allen, upon her death he became vested with the right to one fourth of the income from half of

the trust and a similar share of all distributions of principal therefrom until his death. Since his death the surviving remaindermen of Lillian Russell Allen, to wit, Richard F. Allen, Robert J. Allen and Gertrude L. Allen, are each vested with the right to one third of the income from half of the trust and a similar share of any distributions of principal therefrom.

Submit decree accordingly.