In the Matter of the Accounting of Louis Schlanger et al., as Executors of Max Mandel, Deceased.

Surrogate's Court, Kings County, May 6, 1954.

*Benjamin F. Schwartz* for executors, petitioners.

*Harry Zucker* for Joseph M. Mandel, as coexecutor of Max Mandel, deceased.

*Harry P. Solomon* for Sarah Mandel, respondent.

*John H. Schmid,* special guardian.

RUBENSTEIN, S. As an incident to an executor's intermediate accounting a construction is required to determine the payments to be made for the maintenance of the former marital residence; and, if under the provisions of article " Third " of the codicil the designation of an executor contemplated his appointment as a trustee. In article " Sixteenth-g " of this will, the testator provided for payment of " the following expenses in connection with her dwelling * * * *such as* land taxes, gas, electric and repair bills and the insurance premiums " (emphasis supplied), while in article " Twenty-first " he expressed the purpose in establishing the trusts for his wife " was to give her no cause for worry over necessary funds to maintain her household requirements and afford sufficient money for her welfare and well being." The widow claims under the authority of the said paragraphs that payments should be made additionally for water taxes, fuel, refrigerator, ventilating fan, care of grounds and cleaning woman. Although the testator left a sizeable estate, the widow's income from the various testamentary trusts is parsimonious and inadequate to maintain her because of her infirmities and the expenses of maintaining her residence.

The phrase, " such as " is one of general similitude and generally defined as indicating matters " of the same or like kind " and refers in this instance to the antecedent " expense " in this context (*American Smelting & Refining Co.* v. *Stettenheim,* 177 App. Div. 392, 396; *Matter of Brooklyn Union Gas Co.* v. *McGoldrick,* 270 App. Div. 186, affd. 298 N. Y. 536). Provisions for a widow's benefit will be liberally construed in her favor (*Matter of Cram,* 204 Misc. 910, 913 and cases cited) to accomplish the purposes intended (*Thurber* v. *Chambers,* 66 N. Y. 42, 48). In view of the testator's general plan for the maintenance of the widow's home, his expressed solicitude for his widow, the court construes the expense items sought by the widow in harmony with the general plan and the scheme of the will (*Matter of Herman,* 200 Misc. 650; *Williams* v. *Jones,* 166 N. Y. 522) and the widow is entitled to her reasonable expenditures therefor.

Four persons were originally designated as executors and trustees in the will. The codicil provision revoked the designation of two of their number, and named a third person " in their place ". The latter designation made no reference therein

to his appointment as trustee. The nominated executors have been acting jointly in both capacities since the will's probate in 1945.

The court has analyzed the appropriate paragraphs of the will and codicil appointing the fiduciaries of this estate and has considered the functions and duties imposed upon them by this instrument and determines that it was the manifest intention of the testator that the substituted fiduciary act in a trust capacity.

Submit decree, on notice, accordingly.