Robert W. Bascom, S.
This is a proceeding to construe the will of Mildred W. Stearns, deceased, which except for a direction to pay debts and funeral expenses and the appointment of an executor, contains only the controversial clause reading as follows: “ I give, devise and bequeath to my two sisters, namely Anna Nelson and Imogene W. Bernaire, all of my Estate of every kind, name or nature, to have and to hold the same to themselves, heirs forever. ’ ’
Imogene W. Bernaire predeceased the testatrix, leaving no descendants. The distributees of the testatrix, other than the surviving sister Anna Nelson, are nieces, nephews, grandnieces and grandnephews, descendants of predeceased brothers.
The executor contends that the will having apparently been drafted by a layman, should have its contents construed as a layman would construe them, and that such construction requires a finding that testatrix intended a gift of her net estate to her sisters or to the survivor of them if one predeceased her, as happened. There is nothing at hand by which we may discover decedent’s intent except the will itself. To interpret the expression ‘ ‘ to have and to hold the same to themselves, heirs forever ” as meaning “ to have and to hold the same to themselves or the survivor of them forever ” is straining and stretching too far. It flies in the face of established rules of construction. To determine that this is what the testatrix meant, is pure speculation. Intention is not a matter of speculation or arbitrary *958 conjecture (Matter of Kroos, 302 N. Y. 424, 429). If we are to assign such a strained meaning to the words, what do we say was her intention in the event both sisters had predeceased her? We think it becomes obvious that the contingency of one or both sisters dying before the testatrix never occurred to her, and therefore she cannot be said to have had any particular intent insofar as these possibilities are concerned.
“ When a will contains language that has acquired, through judicial decision, a definite and established significance, the testator is taken to have employed that language in that sense and with that meaning in mind” (Matter of Kroos, supra, p. 428). The word ‘ ‘ heirs ’ ’, except in cases unlike this, where it is construed as meaning “ children ”, is a word of limitation, describing the nature and duration of the estate given. Such a devise lapses on the prior death of the devisee (Thurber v. Chambers, 66 N. Y. 42, 46), unless saved by section 29 of the Decedent Estate Law, which this one is not. To create a right of survivorship, moreover, there must be an express declaration that the property is to be held in joint tenancy (Real Property Law, § 66). There is no such express declaration here and consequently the habendum clause used in this will created tenancies in common. Nor is this a class gift, as it was to designated named persons whose shares were fixed and certain.
The words used by the testatrix, having a well-settled and well-understood meaning should not be invested with a different one, unless forced by something stronger than speculation (Matter of Wells, 113 N. Y. 396). It follows that the devise and bequest to Imogene W. Bernaire lapsed and become a residue of a residue, which will devolve as intestate property (Wright v. Wright, 225 N. Y. 329).
The will therefore is construed as effectually devising and bequeathing one half the net estate to testator’s sister Anna Nelson, and the other one half passes by intestacy to the distributees of Mildred W. Stearns, including Anna Nelson.