Leon D. Lazer, J.
Petitioner, on a writ of habeas corpus, seeks to have jurisdiction of her alleged violation of probation transferréd to Suffolk County pursuant to CPL 410.80. The question at issue is whether CPL 410.80 permits Suffolk County to reacquire supervision of this probation.
Three counties are involved in this jurisdictional tangle. Petitioner was sentenced to three years ’ probation in Nassau County in 1971 and supervision was transferred to the Suffolk County Probation Department where her family resides. In 1972 she was sentenced to five years’ probation in Oswego County and supervision of that probation was also transferred to this county. In 1973 petitioner’s Suffolk County probation officer notified the Probation Departments in Nassau and Oswego Counties that petitioner had violated her probation. The Nassau Probation Department immediately reaccepted supervision. Upon her arrest, the petitioner was released on bail pending a hearing. The Oswego County Probation Department sent warrants directing that petitioner be arrested and returned to Oswego for a hearing on May 21. The writ of habeas corpus was filed on May 19, directing the Suffolk County Sheriff not to release petitioner *671 to the Oswego authorities and setting a hearing in Suffolk for May 22. Nevertheless, petitioner was taken to Oswego for the May 21 hearing. The Oswego County Court released her on condition that she return to Suffolk to appear before this court on May 22 for a hearing on the jurisdictional question and gave its consent to a transfer here of supervision.
The Suffolk County District Attorney opposes the motion on the ground that CPL 410.80 (subd. 3) forbids the transfer. CPL 410.80, which provides for intercounty transfers of probations, was enacted in 1970 and has not been construed by any court to date. To do so, this court must look to the statute itself and to the legislative intent which underlies it (Matter of Astman v. Kelly, 2 N Y 2d 567). CPL 410.80 (subd. 3), on which the District Attorney relies, provides that: ‘6 When a defendant is returned to the court that imposed the sentence the transfer is terminated and such court must proceed in accordance with the provisions of sections 410.60 and 410.70. In any case where a hearing was conducted pursuant to paragraph (b) of subdivision two, the hearings and findings have the same effect as a hearing conducted by and findings made by the sentencing court. No person who has been returned to such court may be transferred back to supervision in the county that returned him without consent of the court that returned him. ’ ’
The District Attorney argues that the first sentence of this subdivision means that once a probationer has been returned to the sentencing court there can be no further transfers and that court must accept jurisdiction and hear his case. This view ignores the last sentence, which modifies such a construction. Under the doctrine of last antecedent (Foote v. People, 56 N. Y. 321; American Smelting and Refining Co. v. Stettenheim, 177 App. Div. 392), when the term “ the sentencing court ” is substituted for ‘1 such court ’ ’ the sentence clearly permits a probation transferred to a sentencing court to be retransferred, providing the court that returned the probationer to the sentencing court consents.
The legislative memorandum accompanying the 1972 amendment to CPL 410.80 (subd. 2, as amd. by L. 1972, ch. 545, § 1) expresses the intent of the Legislature with respect to probation transfers generally: u Statutory authority for transfer of probations from one county to another within the state has existed for many years but the specific procedure has never been spelled out. Because of the increased importance of this subject in a modern highly mobile society, the new Criminal Procedure Law sets forth a fairly detailed procedure to encourage and facilitate *672 such transfer. The proposed bill is designed to further facilitate this highly desirable practice.”
If this court refuses jurisdiction for no better reason than that the Oswego County Court asserted temporary jurisdiction for the sole purpose of giving its consent to having the hearing on the alleged violations conducted in Suffolk, the legislative intent underlying the statute would be violated.
Petitioner is no longer attending school in Oswego County and has no ties there. Her family lives in Suffolk and she apparently does too. She is free on bail pending hearings in neighboring Nassau which will require her presence there. The Oswego County Court has expressed its willingness that the hearing be conducted in Suffolk, thus recognizing that Suffolk is a far more convenient and practical site for the hearings. CPL 410.80 permits Suffolk County to reacquire jurisdiction of the probation which originated in Oswego and convenience and practicality mandate such reacquisition.
A hearing on the alleged probation violations will be held at a Special Term, Part I, of this court on October 5, 1973 at 11:00
A.M.