(39 App. Div. 555.)

### FRANKLIN et al. v. MINERTZHAGEN et al.

(Supreme Court, Appellate Division, First Department. April 14, 1899.)

**1. Perpetuities—Construction of Will.**

A will provided that testator's property should vest absolutely in his daughter 10 years after his death, and that, if the daughter died before that time, the income should be used to support his granddaughter until she became 21 years old, when she should take it absolutely. *Held* that, upon the death of the daughter, the title vested absolutely in the granddaughter, the right to possession only being postponed, and therefore the power of alienation was not suspended beyond the period of two lives.

**2. Same.**

Even if the direction to hold in trust for the granddaughter be void, it will not invalidate the remaining provision in her behalf, or destroy the clear intention of the testator, that she take absolutely in case of his daughter's death.

Appeal from special term, New York county.

The action was brought by Grace H. Franklin and another against Otto Minertzhagen and others for the partition of certain real estate situate in the city of New York, of which Richard G. Barcalow died seised. Two of the defendants demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The other defendant answered. The demurrers were sustained, and, a trial of the issues raised by the answer having been moved, the complaint, on motion of the answering defendant, was dismissed, on the ground that no cause of action was alleged. Final judgment was thereupon entered dismissing the complaint as to all the defendants, from which plaintiffs appealed. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Walter Large, for appellants.

De Witt Bailey, for respondents Minertzhagen and Young.

A. Stern, guardian ad litem, for infant Lydia B. Young.

McLAUGHLIN, J. The plaintiffs predicate their right to maintain this action upon the alleged invalidity of the sixth clause of the will of Richard G. Barcalow, deceased; their contention being that the attempted disposition of the property mentioned was invalid because the power of alienation is suspended for a longer period than the statute relating to the creation and division of estates permits. 1 Rev. St. pt. 2, c. 1, tit. 2, § 15.

So much of the will of Mr. Barcalow as is involved in the consideration and disposition of the question presented reads as follows:

"Sixth. I give, devise, and bequeath unto my said executrix and executor, and their survivor, all the rest, residue, and remainder of my estate, real and personal, wheresoever and whatsoever the same may be, to have and to hold the same, and every part thereof, unto my said executrix and executor, or their survivor, in trust, and upon and for the uses and purposes following; viz.: That they shall sell all my personal property, and invest the proceeds derived therefrom on bond and mortgage on good real estate, or use the said proceeds for the purpose of paying off or reducing any mortgage or mortgages that may be liens or incumbrances upon my real estate; that they shall allow my sister Mary Ann Van Buskirk to occupy the rooms now occupied by her

in my house number ten (10) Carmine street, in the city of New York, free from rent during her natural life; that they shall let and rent to my sister Ellen Morse, if she so desires, the rooms now occupied by her in my said house number ten (10) Carmine street, at the price or sum of eight dollars per month, until the death of my sister Mary Ann Van Buskirk; that they shall let and rent the balance of my said real estate, and collect the rents therefrom, and out of said rents to pay all taxes, assessments, premiums on insurance, interest on mortgage or mortgages, and expenses for keeping said real estate in good repair; that they shall pay for the support of my sister Mary Ann Van Buskirk the sum of ten dollars per week, in weekly payments, and shall pay all bills for gas used by her in her said rooms, and shall furnish her with three tons of coal per year, during her natural life; that they shall pay the balance of the income from my real and personal estate to my daughter Jessie W. Young until the expiration of ten years from the date of my death. Upon the expiration of said ten years, I give, devise, and bequeath the principal of my real and personal estate, and all accumulated income therefrom, to my said daughter, Jessie W. Young, absolutely, subject, however, to the provisions herein made for my sister Mary Ann Van Buskirk, should she be living; but, should my said daughter die before the expiration of said ten years, then I direct the survivor of my executors to pay said income for the support of my granddaughter Lydia W. Young until she shall arrive at the age of twenty-one years, at which time I give, devise, and bequeath the said principal of my real and personal estate, subject as aforesaid, unto my said granddaughter Lydia W. Young, absolutely. Seventh. It is my will, and I hereby declare, that the legacies and provisions herein made to and for my sisters Mary Ann Van Buskirk and Ellen Morse shall be a charge upon my house and lot number ten Carmine street, and upon no other part of my real estate."

 ' The disposition which the testator desired to make of his property is not only manifest, but his intent is expressed in such a way that it cannot be misunderstood. He desired that his sister Mary Ann Van Buskirk, during her life, should occupy, free of rent, the rooms in his house at No. 10 Carmine street occupied by her at the time of his death, and, in addition thereto, out of the rents and profits of that house, she should have her gas bills paid, and receive an allowance of $10 weekly, and three tons of coal yearly; that his sister Ellen Morse should have the right to occupy, during the life of Mary Ann Van Buskirk, the rooms in the same house which she occupied at the testator's death, on the payment of $8 per month. Subject to the provisions thus made for his two sisters, he desired that his daughter Jessie W. Young should have the net income from his residuary estate for a period of 10 years after his death, at which time she should have the property absolutely; and, in case of her death before that time, then he desired that his granddaughter Lydia W. Young should have the property absolutely, but that her right to the possession of it should be postponed until she arrived at the age of 21 years, during which period the income was to be paid to her.

 The question, therefore, presented, is whether the law will permit this manifest intent of the testator to be carried into effect. We think it will. The provisions made for the two sisters, as to the occupation of the rooms at No. 10 Carmine street, need not be considered, since they only created charges upon that real estate which could unquestionably be released, or the property at any time sold subject to them. The provisions for the receipt and disbursement of the rents and profits to the sister Mary Ann Van Buskirk and the daughter Jessie W. Young in no way violate the statute, because by these provisions the power of alienation is not suspended for

more than two lives in being at the creation of the trust,—the life of the sister Mary Ann Van Buskirk and of the daughter Jessie W. Young. The invalidity of the will, if invalid it be, must arise solely by reason of the provision therein relating to the granddaughter Lydia W. Young. The will provides that the daughter Jessie, subject to the provisions made for the two sisters, should, at the expiration of 10 years from the death of the testator, have the property absolutely, if then alive; but, if she should die before that time, that then, and upon her death, the granddaughter Lydia, subject to the same provisions, should have the property absolutely upon arriving at the age of 21 years. We think a fair construction of this provision, giving full force and effect to the intent of the testator, requires us to hold that the title to the house and lot at No. 10 Carmine street, upon the death of the daughter Jessie, vested absolutely in the granddaughter Lydia, and that only the possession was postponed until she arrived at the age of 21 years. At that time she was to come into possession, and until then, if there had been no trust created in relation to the property, she could not have managed, controlled, or sold it. In that event, the court would have appointed a guardian to take charge of it for her, and we are unable to see what practical difference it makes whether a trustee was designated by the will for that purpose or a guardian appointed by the court.

But, even if the direction in the will to hold the property in trust during her infancy be rejected as void, this should not be permitted to invalidate the remaining provision in her behalf, or to destroy the clear, manifest, and well-defined intent of the testator that she should have the property absolutely, in case of the death of the daughter Jessie before the expiration of 10 years from the testator's death. Woodgate v. Fleet, 64 N. Y. 566. We are therefore of the opinion that the title to the property vested absolutely in the granddaughter at the death of the daughter, and that the power of alienation was only suspended during two lives in being at the death of the testator and the creation of the trust, to wit, the life of Mary Ann Van Buskirk and Jessie W. Young.

It therefore follows that the plaintiffs have no interest in the property, and the judgment is right, and must be affirmed, with costs to the respondents. All concur.