### Slote v. Reiss, et al.

(Decided March 19, 1913.)

Appeal from Jefferson Circuit Court
(Chancery, Second Division).

1. Wills—Construction.—Where a testator devises property to his daughter-in-law for life, and upon her death "to her descendants by my son Washington, such descendants taking interest therein as they would do taking from her by descent," the word "descendants" is used in the sense of "children," and the children of the life tenant by the testator's son take a vested estate in remainder.

2. Deeds—Sufficiency.—Where a life tenant and her husband and their three children having a vested remainder, unite in a deed, the deed, after the husband's death, when it is no longer possible for the life tenant to have any other children by him, is sufficient to vest in the grantee a fee simple title to the property conveyed.

WM. A. PERRY, A. J. BIZOT for appellant.

P. H. SAVAGE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS· CLAY, COMMISSIONER—Affirming.

This appeal involves the construction of the fourth clause of the will of Washington Spradling, Sr., who died a resident of Jefferson County in the year 1868. The clause in question is as follows:

"4th. I give and devise to the wife of my natural. son, Washington Spradling, for her sole and separate use so that the said Washington shall have no authority and control over the same or the rents, issues and profits. arising therefrom—a lot of land twenty-six feet front on the south side of Walnut Street at the southwest corner, of Walnut and 11th Streets—and a lot one hundred and

thirty feet front on the west side of 11th Street between Walnut and Madison Streets, being the same purchased of Alfred Thurston, and part of this property has been sold by me, and this devise is to cover what is left at that place, be it more or less, and the northern house and lot of the two which I own on the east side of Third between Market and Jefferson Streets, said Louisa is given only a life estate in said lots; upon her death I do hereby give and devise the same to her descendants by my said son Washington, such descendants taking interest therein as they would do taking from her by descent.''

The question arises in the following way: On September 15, 1880, Louisa Spradling, the devisee mentioned in the above clause of the testator's will, together with her husband, Washington, the testator's son, and her three children, William Henry Spradling, James Guthrie Spradling, and Mary Lizzie Spradling, executed and delivered to Nicholas Reiss a deed to a portion of the property devised by Washington Spradling, Sr., by the clause of the will *supra*. On May 3, 1911, Nicholas Reiss died intestate and left surviving him plaintiffs J. W. Reiss, Theresa Zinn and others, who were his only children and heirs at law. In the month of June, 1911, the children of Nicholas Reiss entered into a contract with Otto Slote for the sale of the property which they inherited from their father. Otto Slote declined to carry out the contract of sale on the ground that the title of the vendors was defective. Thereupon J. W. Reiss and the other children of Nicholas Reiss, deceased, brought this action against Otto Slote for specific performance. In their petition and amended petition they set forth their chain of title, including the will of Washington Spradling, Sr. The defendant's demurrer to the petition as amended was overruled, and having declined to plead further, specific performance was decreed. Defendant appeals.

Defendant contends that as the word "descendants" is broad enough to include children, grandchildren, etc., it cannot be ascertained until the death of Louisa Spradling, who is still living, who her descendants will be. Therefore, the deed executed by her and her children was not sufficient to vest a fee simple title in Nicholas Reiss. It may be conceded that the words "children" and "descendants" are not ordinarily synonymous. Neilson v. Brett, 99 Va., 673. While children are descendants, descendants are not always children (Bates v. Gillett, 132 Ill., 187, 24 N. E. 611), for descendants are those who

have issued from an individual, and include his children, grandchildren and their children to the remotest degree. Tichenor v. Brewer's Ex'r., 98 Ky., 349; Bouvier's Law Dictionary; Bryan v. Walton, 20 Ga., 480. But it sometimes happens that a testator uses the word "descendants" in the sense of "children." Schmaunz v. Goss, 132 Mass., 141. In the will under consideration the testator did not use the word "descendants" in the ordinary sense, but qualified the word "descendants" by the phrase "by my said son Washington." He meant only such descendants of Louisa as were begotten by his son Washington. In the ordinary acceptation of the word a man does not beget his grandchildren or great-grandchildren. He begets only his children. Granger v. Granger, 147 Ind., 95, 36 L. R. A., 186; Downing v. Birney, 112 Mich., 474, 70 N. W. 1006. We therefore conclude that the word "descendants" was used in the sense of "children."

The following elementary rules for distinguishing a vested from a contingent remainder have been approved by this court, Mercantile Bank of New York v. Ballard's Assignee, 83 Ky., 481: "The mere fact that an estate is to take effect and be enjoyed after the termination of an intervening estate will not prevent both estates from being vested at the same moment."

"It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the distinction between a vested and contingent interest." Kent's Commentaries, vol. 4, p. 206.

The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." Chitty's Blackstone, vol. 2, page 169, note 10; Walter v. Crutcher, 15 B. M., 10.

In the case under consideration the persons who were to take in remainder, the children of Louisa Spradling by Washington Spradling, were certain. There was no uncertainty as to their right of enjoyment, though the enjoyment was postponed until the death of their mother. They had the present capacity of taking effect in possession had the possession become vacant. It follows, therefore, that they took a vested remainder. So long as their father lived their interest was subject to be diminished by the birth of other children. Upon his death

their interest was fixed. As he has been dead for several years, and it is now impossible for Louisa Spradling to have any other children by him, it necessarily follows that the deed executed by Louisa Spradling and Washington Spradling and their three children vested in Nicholas Reiss the fee simple title to the property in question. That being true, the title of his children was good, and the chancellor properly decreed specific performance of the contract of sale.

Judgment affirmed.