C. OAKLEY SAYRES, Plaintiff, *v.* SUSIE JOHANNES et al., Defendants.

(Supreme Court, Allegany Trial Term, September, 1921.)

Wills — conditional devise and bequest — charge upon real estate — who entitled to maintain an action to foreclose a lien on real property.

A devise and bequest of testator's residuary estate to his son was upon the condition precedent that if his sister C. remained unmarried he should provide her during life with a home, food, necessary clothing, medical care and attendance suitable to her station in life, and at her death pay the expenses

32

of her last illness and of her funeral, and the testator charged certain of his real estate with the payment of such expenses and declared them to be a lien thereon. The residuary devisee conveyed said real estate subject to such charge, and one of the grantees now in possession of the premises was appointed the administratrix of C., who left no estate. *Held,* that the person primarily entitled to maintain an action to foreclose a lien on the property for medical and surgical services rendered to C. during her last illness was her administratrix, but her interest as such, being adverse to her interest as owner of the property, it was unnecessary that the plaintiff should demand that the administratrix bring the action; it was sufficient to make her a party defendant, and the proofs being sufficient, she is entitled to judgment.

ACTION to foreclose a lien or charge created by a will.

Byron A. Johnson, for plaintiff.

Dawson D. Dickson, for defendants.

SEARS, J. The will of George Johannes, deceased, contained a devise and bequest of his entire estate to his wife for life, and provided further that upon her death, and after the payment of three legacies of $300 each, to his daughters, Elizabeth, Emma and Mary, the entire residue should go to his son, George H. Johannes. Following and qualifying this gift of the residue, the will contained the following clauses: " * * * upon the condition precedent, however, that my said son, George H. Johannes, shall, if my daughter Clara Johannes, remains unmarried, furnish my said daughter, Clara Johannes, with a home, food, necessary clothing, medical care and attendance, suitable to her station in life, for her natural life, and at her death pay her funeral expenses and expenses of her last illness; and it is my will, and I hereby charge my real estate situate in the town of Belfast " (describing the property on which the

plaintiff claims a lien) " with the expense of the care, maintenance and support of my said daughter in the manner aforesaid, and I declare the expense of a home, food, necessary clothing, medical care and attention, and the expense of the last sickness and funeral expenses of my daughter Clara to be a lien upon my said above described real estate."

The will was probated on February 20, 1903. George H. Johannes accepted the residuary devise, and on December 3, 1910, conveyed the real estate described in the will to the defendants Henry Mineka and Elizabeth Mineka by a warranty deed which contained the following clause: " This deed * * * is subject to the charge made upon the real estate above mentioned in the last Will and Testament of George Johannes, father of this grantor (for details of charge see said Will, recorded in Allegany County Clerk's office), in favor of one Clara Johannes * * *."

The widow of the testator, George Johannes, died before the commencement of this action.

The defendants Henry Mineka and Elizabeth Mineka are now in possession of the premises described in the deed.

Clara Johannes died in 1916, and the defendant Elizabeth Mineka was appointed the administratrix of her estate.

The plaintiff and two other persons furnished Clara Johannes with medical and surgical services during her last illness, and the claims of the two other persons have been assigned to the plaintiff. The plaintiff filed proof of the claims, upon which he now seeks to recover, with the administratrix more than two years ago, and the claims have not been rejected or contested by the administratrix. There are no funds in the estate of Clara Johannes, and she left no property, real or personal.

The plaintiff has brought this equitable action demanding judgment that plaintiff have a lien upon the premises owned by the defendants Mineka, and described in the will, for the amount of his claims, and asking a foreclosure of the lien and such other and further relief as the court may award.

The defendants contend that the provisions in the will which are quoted above constitute a condition subsequent only, and that a breach of the condition cannot be taken advantage of by the plaintiff. If the provisions could be construed as constituting a mere condition, the position of the defendants would be sound. *Upington* v. *Corrigan,* 151 N. Y. 143; *Fowler* v. *Coates,* 201 id. 257. But the clauses in the will constitute not only a condition, but a charge which is enforcible in an action brought by the person in whose favor the charge is created. *Thurber* v. *Chambers,* 66 N. Y. 42.

The plaintiff urges that he and his assignors are the beneficiaries of the charge, and, therefore, that the plaintiff is entitled to bring this action as the direct beneficiary and the assignee of other direct beneficiaries. The charge was created, however, for the sole benefit of Clara Johannes, and not for the benefit of her unascertained creditors. All of the debts, payment of which was charged upon this property, except the funeral expenses, were to be debts of Clara Johannes, and even the funeral expenses would constitute a debt payable out of the estate of Clara Johannes. In *Thurber* v. *Chambers, supra,* the beneficiary of such a charge was distinctly held to be the person whose support was provided for, and not the creditor of such person, who provided the support. The testator intended to provide means so that his daughter Clara might be supported for her life, and furnished with necessary attention in her last illness,

and her body disposed of according to prevailing conventions, all for the advantage of the daughter, and by no means for the good of her creditors. As Clara Johannes was thus clearly the beneficiary of the charge, her administratrix is now the person primarily entitled to maintain an action upon it.

The plaintiff in the *Thurber Case, supra,* was able to establish an equitable assignment in his favor, because the support in that case was rendered in reliance upon the charge, but, in the instant case, there is no evidence that the plaintiff or either of the plaintiff's assignors, at the time the services were rendered, had any knowledge of the will of George Johannes, and no facts are presented upon which the plaintiff here can claim such an equitable assignment. It cannot be questioned, however, that the plaintiff has a distinct interest in having the administratrix enforce this lien. His position is analogous to that of a holder of a corporate bond secured by a mortgage to a trustee, upon which default has been made, or of a stockholder of a corporation whose directors have failed to realize upon some claim belonging to the corporation. In such cases, after a demand is made upon the trustee or the directors, and a refusal to act, equity will entertain an action by the bondholder or stockholder, himself, to enforce the trustee's or the corporation's right. But, here, the administratrix is, herself, the owner of the property, subject to the charge, and her interest as owner is adverse to her interest as administratrix. Under such circumstances, it is not necessary that the plaintiff should demand that the administratrix take action herself, but it is sufficient that the administratrix should be made a party to the action. *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Wallack* v. *Dryfoos,* 140 App. Div. 438.

The proofs, therefore, are sufficient to entitle the

Supreme Court, September, 1921. [Vol. 116.

plaintiff to maintain this action for the foreclosure of the lien created by the will upon the property belong-ing to the defendants Mineka, and judgment will be ordered accordingly, with costs.

Findings should be presented in accordance herewith.

Judgment for plaintiff.