In the Matter of the Estate of JULIA BOWE REID, Deceased.

Surrogate's Court, New York County, November 5, 1937.

*De Maurice Moses*, for the petitioner, executor.

*Harry Sternlicht*, for James A. Reid, husband of deceased.

*Mintzer & Todarelli*, for the Bethune-Cookman College.

*William T. Andrews*, special guardian for Joan Bird, infant.

DELEHANTY, S. Paragraph fifth of the will of deceased states: " I give and devise unto my beloved husband, James Reid, all of the real property known and described as No. 233 West 136th

Street, Borough of Manhattan, New York City, to have and to hold the same unto himself for and during his natural life, upon the express condition, however, that he permit my beloved mother, Ella Bowe, to reside therein for and during the remainder of her natural life, and at his death, I give and devise the said real property unto my beloved granddaughter, Joan Bird, for and during her natural life if she be then living, and if she be dead, I give and devise the said real property unto the Bethune-Cookman School, located at Daytona Beach, Florida, to have and to hold the same unto its successors and assigns absolutely and forever."

Construction of this paragraph of the will is sought to determine whether any of its provisions are of no effect and to ascertain the extent of the interests of the beneficiaries named therein. The husband of deceased contends that she attempted to create three successive life estates in the property, one for her mother, one for himself, and the third for her granddaughter, and that, under the provisions of section 43 of the Real Property Law, the life estate of the granddaughter is void. He contends, further, that the remainder interest of the Bethune-Cookman College (named in the will as Bethune-Cookman School) cannot take effect because it is not vested but contingent, and that as a consequence the remainder interest after the death of deceased's mother and after his death is undisposed of by paragraph fifth of the will and becomes his property under the residuary clause of the will. In opposition, it is contended that the provision in the will for the benefit of deceased's mother is not a life estate nor, in effect, an estate at all, but merely a charge upon the life estate of the husband of deceased. The language of the gift to the husband and the language of the provision for the mother of deceased differ materially. The gift to the husband is in the form generally employed to bequeath a life estate, and carries with it all the benefits attaching to such estate. The provisions for the mother of deceased are not so extensive. Her right is a right of residence or occupancy. It does not rise to the status of a life estate but is an incumbrance only. (*Franklin* v. *Minertzhagen*, 39 App. Div. 555, 559; *Linzy* v. *Whitney*, 110 id. 462; *Sayres* v. *Johannes*, 116 Misc. 497; *Matter of Archer*, 1 Powers, 292.)

Under this will only two life estates are created, one for the husband and one for the granddaughter. Both of these are valid.

The further contention of the husband concerning the remainder interest of Bethune-Cookman College is that the gift to this institution of the fee to the property is to be effective only in the event the granddaughter predeceased the husband. The college asserts that deceased intended to make a gift to it of the fee of the prop-

erty, not only in the event the granddaughter predeceased the husband, but also after her life estate had terminated if she survived to enjoy it. The question is academic at this time. If the granddaughter does predecease the husband, then unquestionably the property will pass in fee to the college. It may be unnecessary to construe the gift to the college. In the exercise of discretion, the court will defer any ruling on the subject until need therefor arises. (*Matter of Mount*, 185 N. Y. 162.)

Submit, on notice, decree construing the will accordingly.