**LINCOLN BANK & TRUST COMPANY, Joe F. Bosworth, III, Henrietta Bosworth, Cheri Burnett, and J. R. Ramey, Jr., Appellants,**

v.

**Frances Ramey LANE, Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

**274**

Robert J. Watson, Middlesboro, for appellants.

A. E. Funk, Jr., Middlesboro, for appellee.

CAMMACK, Judge.

This action was brought by the Lincoln Bank & Trust Company, trustee of the estates of Joseph F. Bosworth, Sr., and Lizzie Bosworth, his wife, for a declaration of rights under a trust deed executed by the Bosworths in 1930. All parties having a possible interest in the corpus of the trust were made parties defendant. The cause was tried upon stipulated facts, and

resulted in a judgment determining that the appellee, Frances Ramey Lane, was entitled to a deed in fee simple to the property involved. All other parties before the trial court have appealed.

Paragraph (b) of the trust provided that the Bosworth home, conveyed by Paragraph (a) to the trustee, might be occupied by Joseph F. Bosworth, Sr., and his wife, Lizzie, until the death of the survivor of them, without payment of rent. All taxes, repairs, and other charges were to be paid by the trustee. Upon their deaths, the trustee was to permit Eleanora Bosworth Ramey, a daughter of the Bosworths, to occupy the premises upon payment of $25 per month to the trustee. The trustee was to pay all charges on the property while it was occupied by Eleanora. Joseph Bosworth, Sr., during his life, and Lizzie Bosworth after his death, reserved the right to cease occupying the property and to direct the trustee to sell it, in which event the proceeds of the sale were to become a part of the general trust funds and administered as such.

In the event that sale of the home was directed, the right of Eleanora to occupy the premises was to become void.

The trust agreement then provided:

"If the right of occupancy accrues to Eleanora Bosworth Ramey, then upon her death, or at such earlier time as she may cease to occupy said premises, my said Trustee shall convey said property described as parcels 'D,' 'E,' and 'F' [the Bosworth home], in fee to Francis Ramey, upon the condition that said Francis Ramey shall pay to Joseph F. Bosworth, Jr., during his natural life, said charge of Twenty-Five Dollars ($25.00) per month to be included in the deed conveying said property."

The right to have the home sold was not exercised by either Joseph Bosworth, Sr., or his wife. Joseph Bosworth, Sr., died in

1941; the daughter, Eleanora, died in 1950 without ever having been able to exercise her right of occupancy because her mother still resided on the property; and Lizzie Bosworth died in 1955.

The appellants contend that Frances Ramey Lane had only a contingent remainder under the terms of the trust, conditioned upon Eleanora's surviving the settlors of the trust. The trial judge concluded that the words, "If the right of occupancy accrues to Eleanora Bosworth Ramey," when read in light of the trust instrument as a whole, did not imply a condition of survivorship, but in effect meant, "If we do not sell the property during our lifetime."

This conclusion is amply supported when the trust is considered in its entirety. Title was conveyed to the trustee. There it was to remain until under the terms of the trust the trustee was required to convey the fee to Frances Ramey. Eleanora's interest did not rise to the status of a life estate, but was merely an incumbrance or right of residence. In re Reid's Estate, 165 Misc. 132, 300 N.Y.S. 124. She could not dispose of her interest except by surrendering possession to the trustee, nor was she liable for taxes on the property. See In re Archer's Estate, 1 Power's Sur. 292, 23 N.Y.S. 1041.

The remainder interest of Frances Ramey vested at the time the trust agreement was made. The mere postponement of enjoyment of her estate did not affect the nature of the interest or its time of vesting. Slote v. Reiss, 153 Ky. 30, 154 S.W. 405. Her remainder was not rendered contingent merely because it might be divested by the happening of a condition subsequent. The exercise of the power of disposal by either of the settlors would merely divest Frances Ramey of her vested estate. 33 Am.Jur., Life Estates, Remainders, etc., Sec. 90; see McCullough's Adm'r v. Anderson, 90 Ky. 126, 13 S.W. 353, 7 L.R.A. 836. We conclude that the interest of Frances Ramey

Lane was a vested remainder. There being no further intervening interests, she is entitled to a deed from the trustee to the property in fee simple according to the terms of the trust.

Judgment affirmed.