RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0934-DG

BREYANNA MURPHY                                 APPELLANT

               ON DISCRETIONARY REVIEW FROM
               JEFFERSON CIRCUIT COURT
v.           HONORABLE CHARLES L. CUNNINGHAM, JUDGE
               ACTION NO. 19-XX-000077

KALEB SHEHAN; DANIEL CAMERON,
IN HIS CAPACITY AS THE
ATTORNEY GENERAL OF THE
COMMONWEALTH OF KENTUCKY;
KOSAIR CHARITIES COMMITTEE, INC.;
NORTON CHILDREN'S HOSPITAL, INC.,
F/K/A KOSAIR CRIPPLED CHILDREN'S
HOSPITAL; PNC BANK, N.A., TRUSTEE;
ZACHARY SHEHAN; AND ST. JOSEPH
CHILDREN'S HOME, INC.,
F/K/A ST. JOSEPH CATHOLIC
ORPHAN HOME AND
A/K/A ST. JOSEPH'S ORPHANAGE                APPELLEES

AND

NO. 2020-CA-0943-DG

ZACHARY SHEHAN                                                    APPELLANT


ON DISCRETIONARY REVIEW FROM
JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JUDGE
ACTION NO. 19-XX-000077


PNC BANK, N.A., TRUSTEE OF THE
FRED M. MCCLELLAN DATED 05/13/1974
TRUST B RESIDUARY; DANIEL CAMERON,
IN HIS CAPACITY AS THE ATTORNEY
GENERAL FOR THE COMMONWEALTH
OF KENTUCKY;
KOSAIR CHARITIES COMMITTEE, INC.;
BREYANNA MURPHY;
NORTON CHILDREN'S HOSPITAL, INC.;
KALEB SHEHAN;
AND ST. JOSEPH CHILDREN'S HOME, INC.                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON AND L. THOMPSON, JUDGES.

-2-

THOMPSON, L., JUDGE:  In this consolidated action, Zachary Shehan and Breyanna Murphy appeal from an opinion of the Jefferson Circuit Court which reversed an opinion and order of the Jefferson District Court.  This matter involves the interpretation of a testamentary trust executed in 1974.  The circuit court determined in relevant part that Kaleb Shehan is a "descendant" of his biological great-grandfather and trust settlor Fred M. McClellan, and is therefore entitled to his share of the trust distribution even though Hunter Shehan legally adopted Kaleb as a child.  Appellants Zachary and Breyanna, also Mr. McClellan's biological great-grandchildren, now argue that Hunter Shehan's adoption of Kaleb terminated his status as a descendant of Mr. McClellan and his daughter Norma for purposes of the trust distribution.  For the reasons addressed below, we agree with the Jefferson Circuit Court that Kaleb Shehan is a descendant of Norma irrespective of Hunter's adoption of Kaleb, and accordingly affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

The parties have stipulated that there are no issues of material fact. On May 13, 1974, Fred M. McClellan executed a Last Will and Testament with Testamentary Trust.  Mr. McClellan died the following year and was survived by his widow, Thelma McClellan, a married adult daughter, Norma McClellan Shehan, and Norma's son Patrick.  Norma married Ted Shehan, who brought two children from a previous marriage, Beverly Richardson and Hunter Shehan.

Beverly and Hunter became Patrick's step-siblings. Patrick later had three children, namely the Appellants herein, Zachary Shehan and Breyanna Dickerson (now Murphy), and Appellee Kaleb Sheehan.

Patrick lost custody of Zachary, Breyanna, and Kaleb, and he died in 2005. The following year, Hunter adopted Patrick's son, Kaleb, who was then a minor. Norma died in 2008. In her will, she sought to provide for Patrick's three children, "who might turn out not to be recipients" of her father's will and testamentary trust.

At the core of this proceeding is the language of Mr. McClellan's 1974 trust, which stated at Item IX(g) that,

> Upon the last to die of my wife, Thelma M. McClellan, my daughter, Norma J. McClellan, and myself, the trust estate shall terminate and the Trustee shall distribute the entire remaining assets in its hands in fee and per stirpes to my daughter, Norma J. McClellan's descendants, if any[.]

Upon Norma's death, Trustee PNC Bank, N.A. was tasked with determining who the descendants of Norma were for purposes of trust distribution. The matter was complicated by the fact that Patrick lost custody of his three children, and that only one of them, Kaleb, was legally adopted by a third party. On February 15, 2019, PNC Bank filed a petition for declaratory judgment[1] in

---

[1] Kentucky Revised Statutes ("KRS") Chapter 386B.

Jefferson District Court seeking a judicial determination of whether Norma had any living descendants. Upon taking proof, the district court characterized the issues as 1) whether the termination of Patrick's parental rights as to his three children barred them from benefitting from the testamentary trust, and 2) if not, whether Hunter's adoption of Kaleb terminated Kaleb's right to benefit from the trust. At first blush, the district court determined that "[t]here is no clear answer to either issue."

The district court then cited KRS 625.104, which states that,

[f]ollowing the entry of an order involuntarily terminating parental rights in a child, the child shall retain the right to inherit from his parent under the laws of descent and distribution until the child is adopted.

The district court concluded therefrom that while this language is directed at descent and distribution, the legislative intent is that the child retains the right to inherit from a parent whose parental rights have been terminated, as there is no culpability by the child. For this reason, the district court determined that the termination of parental rights does not terminate a child descendent from benefitting from a testamentary trust.

The district court then considered the more difficult question of whether Kaleb's adoption terminated his status of a residual beneficiary. The court looked to KRS 625.104, KRS 199.520(2), and *Sluder v. Marple*, 134 S.W.3d 15 (Ky. App. 2003), in concluding that adoption terminates a child's right to inherit

from his biological parents under the laws of descent and distribution. The court then determined by way of analogy that if adoption terminates the right to inherit under the laws of descent and distribution, adoption also terminates a child's status of residual beneficiary under a trust. The court then ruled that Zachary and Breyanna, but not Kaleb, were the beneficiaries of Mr. McClellan's trust.

Kaleb appealed that decision to the Jefferson Circuit Court. The circuit court determined that it was bound by the plain language of the trust, and that Mr. McClellan's wishes were paramount. By resorting to dictionaries and the case law, the court found that the meaning of the word "descendent" was self-evident, that it cast a wide net, and is properly construed to include Kaleb. It also found that Hunter Shehan's adoption of Kaleb did not terminate Kaleb's status of descendant. Having determined that Kaleb was a descendent of Norma, and that the adoption did not alter that status, the court ruled that Kaleb was a beneficiary of the trust.

Zachary and Breyanna sought discretionary review from this Court, which was granted. This appeal followed.

**ARGUMENTS AND ANALYSIS**

Zachary and Breyanna, through counsel, now argue that the Jefferson Circuit Court committed reversible error in interpreting the term "descendent" in an expansive manner, and in ruling that Hunter's adoption of Kaleb did not

terminate Kaleb's status as a descendent. They argue that absent a statutory exemption, all legal ties are severed between a child and his biological family upon that child's adoption. They contend that the circuit court misapplied the law by failing to recognize that the adoption of a child in Kentucky fundamentally alters the adopted child's parentage and ancestry for all legal purposes. They assert that Mr. McClellan's will is unambiguous and is subject to but one reasonable interpretation. Their arguments center on KRS 199.520(2), which they contend conclusively demonstrates that when a child is adopted, he becomes fully integrated in the adoptive family tree and leaves that of the biological family. They seek an opinion reversing the ruling of the Jefferson Circuit Court.

The first issue before us is whether Kaleb is a "descendent" of Norma for purposes of trust distribution. As noted by the circuit court, absent some illegality, the settlor's intent is controlling and is the "polar star" of all efforts to interpret the trust. *Benjamin v. JP Morgan Chase Bank*, 305 S.W.3d 446, 451 (Ky. App. 2010). Additionally, if the language used by the settlor "is a reasonably clear expression of intent, then the inquiry need go no further." *Clarke v. Kirk*, 795 S.W.2d 936, 938 (Ky. 1990) (citation omitted).

In considering this issue, the circuit court looked to *Black's Law Dictionary*, which defines a descendant as "[o]ne who is descended from another; a person who proceeds from the body of another, such as a child, grandchild, etc., to

the remotest degree." *Descendant*, BLACK'S LAW DICTIONARY, p. 530 (4th ed. 1968). Descendant is not synonymous with the word child. *Slote v. Reiss*, 153 Ky. 30, 154 S.W. 405, 406 (1913). *Slote* defined "descendants" as "those who have issued from an individual, and include his children, grandchildren, and their children to the remotest degree." *Id.* (citation omitted).

Based on the foregoing, the circuit court concluded that "the dictionary meaning of 'descendant' applied to Fred McClellan's will and testamentary trust means issue proceeding from the body of Fred McClellan." Having closely examined the record and the law, we agree that Mr. McClellan intended to employ the term "descendants" in its plain and ordinary sense so as to include the biological issue of himself, of Norma, and of Patrick.[2] As Kaleb is the biological issue of Patrick, he is in every sense the descendant of Norma. The circuit court properly so found.

The next question, then, is whether Hunter Shehan's adoption of Kaleb operates to terminate Kaleb's status as Norma's descendant for purposes of trust distribution. In answering this question in the affirmative, the district court determined that if adoption severs all legal ties between a child and his biological parents for purposes of inheritance, so too it must sever those ties for purposes of

---

[2] *Black's Law Dictionary* notes that "descendant" is also frequently held to include a child adopted into the family. BLACK'S LAW DICTIONARY, p. 531 (4th ed. 1968).

trust distribution. In so doing, the district court appeared to acknowledge that Mr. McClellan's intent was for equal distribution to his descendants. The district court determined that the law simply did not allow the court to follow those wishes.

On appeal, the circuit court found fault with the district court's analogy that because adoption terminates the right to inherit, it must also terminate one's status as beneficiary for purposes of trust distribution. Rather, the circuit court found that as a result of the adoption, and by operation of KRS 199.520(2), Kaleb became "the natural child" of Hunter for purposes of inheritance and succession, but remained a descendant of Norma. We find no error in this conclusion. *Webster's New World Dictionary* and *Black's Law Dictionary* define "descendant" as *biological* rather than legal offspring, however remote, or one who proceeds from the body of another to the remotest degree.[3] A distinction must be made between legal lineage, which may be severed, as opposed to biological lineage, which may not. While Kaleb is no longer a legal heir of the McClellan family tree for purposes of intestacy, he remains a biological descendant of Norma. We also agree with the circuit court's finding that Mr. McClellan's usage of the word "descendant" evinced his intent that all biological issue remaining after the

---

[3] *See supra* at p. 7-8; *Descendant*, WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE (2d ed. 1976).

death of himself, his wife, and his daughter benefit from the trust in equal measure. This biological issue includes Kaleb.

## CONCLUSION

Though the statutory law and case law clearly provide that an adopted child forfeits the right of succession from his biological family, nothing in the law may reasonably be construed as severing the underlying biological ties. Because the term "descendant" is grounded in human biology, and as biological ties survive the legal process of adoption, we agree with the circuit court that Kaleb remains a descendant of Norma for purposes of trust distribution.[4] For these reasons, we affirm the opinion of the Jefferson Circuit Court.

ALL CONCUR.

---

[4] This holding is narrow in scope, fact-dependent, and limited to the interpretation of Mr. McClellan's trust.

BRIEFS FOR APPELLANT
ZACHARY SHEHAN:

Elizabeth W. Sigler
Bowling Green, Kentucky

BRIEFS FOR APPELLANT
BREYANNA MURPHY:

Joshua G. Berkley
Amy E. Oliver
Shelbyville, Kentucky

BRIEF FOR APPELLEE KALEB
SHEHAN:

T. Scott Abell
Louisville, Kentucky