## Dow *versus* Dow.

Construction of a will.

Whether the word "bequeath" means the same as "devise," when used in a will, is to be determined, by the connexion in which it is found.

The term "dower" has an established meaning and refers exclusively to real estate.

ON FACTS AGREED.

ACTION OF DOWER.

The statement of facts alleged a sufficient ground of action, if the construction, given to the will of the testator by the demandant, was correct.

By his will, the testator gave all his personal property to the demandant, and all the rents and profits, and sole management and control of all his real estate (excepting what was therein bequeathed) until his youngest child should arrive at 21 years.

To this clause was added — "It is however distinctly understood, that it is not my wish or intention in any event, to deprive my said wife (demandant) of the right of dower in any of my said estate (except as above excepted) which she would be legally entitled to, were I to die intestate."

He then directed his estate, when his youngest child became of age, to be divided among his children, of whom the tenant was one, *excepting the dower as aforesaid*, and made one specific *bequest* of real estate.

Subsequently the testator made a codicil, by which he revoked and altered his said will so far as to give full force and effect to the several devises and bequests made by his codicil, and so far as the provisions of the will were inconsistent with the provisions of the last instrument.

In another provision, he revoked that part of the will relating to the tenant, and *devised* to him and his heirs, the tract of land described in demandant's writ.

The codicil contained several devises and bequests to demandant, "in *addition* to the provisions made for her, and in

addition to the several *devises, bequests* and legacies made and given to her by his said last will."

*H. A. Smith,* for tenant.

1. The plaintiff having accepted the very liberal provisions made for her in the will of her husband, is not entitled to dower in his lands " unless it appears by the will that the testator plainly so intended. R. S. c. 95, § 13.

The testator expressly excepts from his estate out of which he intends his wife shall be endowed, " what is herein bequeathed." The words " except as above excepted," can only refer to the exception in the former part of the same clause, where he gives to his wife the control and management and rents and profits of all his real estate, " excepting what is herein bequeathed." If the land in which the dower is claimed was so bequeathed, she is barred of her dower in it by the terms of the will.

2. Whatever questions may arise in relation to the plaintiff's right of dower in other lands of the estate under the first will, all uncertainty in regard to the defendant's land in which dower is claimed, is removed by the codicil. By this instrument the defendant's land is brought within the exception in the second clause of the will, and is as much entitled to exemption from dower, as either of the specific devises made in the will.

The devise to defendant purports to convey a perfect title without reservation or incumbrance, and must be construed " to convey all the estate of the devisor therein which he could lawfully devise." R. S. c. 92, § 26.

*Stackpole,* for demandant.

To bar the demandant's claim of dower, it must appear, on a fair construction of the whole instrument, that such was the intention of the testator. R. S. c. 95, § § 11, 12 & 13. The intention of the testator must be gathered from the language used by *him* in making his *will.*

No devise, bequest or legacy is given to the demandant in lieu of dower. " So far as such provision in favor of the wife is not distinctly expressed to be in lieu of dower, it is

immaterial whether it is liberal or otherwise. In the codicil the devises to demandant are all in addition to those made by the will.

By the use of these expressions, the testator clearly negatives the idea that it was his intention, that any or all the specific devises made to his wife, were made to her " in lieu of dower in his real estate.

The specific devise to the tenant, is made from what, under the provisions of the will, might have been a part of the residuary estate to be distributed according to the terms of the third clause thereof, which is clearly subject to dower. In that specific devise to defendant, nothing is said about its being made discharged of dower, and of course the devise could have no greater effect than a deed of quitclaim, or a grant without covenants of warranty, neither of which, unless joined in by the wife, could operate a conveyance or discharge her claim of dower, directly or by way of estoppel. The provision in R. S. c. 92, § 26, does not enlarge the power of the testator, but simply establishes the rule of construction to be applied to devises.

The question then arises, what is embraced in the words ("except as above excepted") used in the will. This expression follows the provision of the second clause, giving to the plaintiff the control and management of the real estate, until the full age of the youngest child, with the rents and profits, and applies to the appropriation of a certain portion of the rents and profits, to the payment of certain contingent legacies, for which no other specific mode of payment is made by the will. To such an appropriation the language " herein bequeathed" properly applies. The word " bequeathed" is not the proper term by which to pass the title to real estate, and is not considered as having the same import with the word *devise*, in any case, except when it cannot by its connexion in the sentence be applied to personal estate. Here used, it most clearly applies to the *rents and profits* to accrue, and not to the real estate from which the same are to be derived. This construction does not require any change in the

proper meaning of the word " bequeathed," while the appli-
cation of it to the specific devises of the parts of the real estate
would require such a change. That these words have the
meaning we attach to them, also appears from the subsequent
general recognition of the widow's right of dower by the
will.

The testator gives to his wife all the personal property,
" except such part thereof as may necessarily be disposed of
for the payment of his just debts as aforesaid." And he also
gives her, in addition to other devises, &c. dower in all his
" estate," (except as above excepted,) that is, with the same
exception applied to the real estate disposed of for the pay-
ment of debts as is made in regard to personal property so
disposed of.

*Smith*, in reply. The effect of accepting the provisions in
the will is given by statute, and not by the testator. The
provision for the widow is presumed to. be in lieu of dower
unless the *contrary* is clearly expressed.

The addition to the provisions in the will referred to in
the codicil are explained by the testator to be in addition
to the " several devises, bequests and legacies." Dower is
neither.

According to plaintiff's reading, the testator desired that
his widow should have all the rents and profits of his real
estate, not " excepting what is herein *bequeathed*," but ex-
cepting what is appropriated to the payment of legacies, &c.,
making the exceptions apply to rents, &c., and not to real
estate. The objection to that reading is that no bequest of
the rents and profits is made except to plaintiff; neither are
they set apart and appropriated as such to the payment of
debts, &c. The testator is made to say that his wife shall
have all the rents, &c., except what is herein *bequeathed* for
the payment of debts, &c. A bequest is a different thing
from a designation or appropriation for such purpose, and
there is nothing in the connection to warrant such a perver-
sion of the word. A bequest is a testamentary gift, and for
all that I have learned may as well be employed in the trans-

Dow *v.* Dow.

mission of real as personal property. In other parts of the will and codicil the word is used for that purpose. The testator bequeaths a house and land to Mary Marshall Dow; to John Randolph, $500, in addition to land devised and *bequeathed* by the will; to defendant 25 acres of land in lieu of *bequests* which was only of real estate, and throughout the will and codicil the word is used in that sense. The plaintiff is therefore compelled to sustain a forced and unnatural construction of the will by an unwarrantable perversion of the meaning of words.

The opinion of the Court was drawn up by

Howard, J. — The demandant is entitled to dower, unless her claim is barred by her acceptance of the provision made for her in the will of her husband. It is provided by the Revised Statutes, (c. 95, § 13,) that where such provision is made, the widow shall elect whether to accept it or claim her dower; but she " shall not be entitled to both, unless it appears by the will, that the testator so intended."

The personal property of the husband was bequeathed to his wife, the demandant; and in the same clause of the will is a further provision for her benefit, in the language following: — " It is also my will and pleasure that my said wife should have the sole management and control, and receive all the rents and profits of all my real estate at the time of my decease, *excepting what is herein bequeathed,* so long as she shall remain my widow, or until our youngest surviving child shall be of lawful age; but in case of her decease or intermarriage before that period, it is my wish that said real estate may be placed under the care and direction of such guardian of my minor children, as may be appointed by the Judge of Probate for the time being. It is, however, to be distinctly understood, that it is not my wish or intention, in any event, to deprive my said wife of the right of dower in any of my said estate, *(except as above excepted,)* which she would be legally entitled to, were I to die intestate." The testator then provided in the next clause of his will, that when the youngest

surviving child should become of age, all his " estate then remaining, excepting the dower as aforesaid, and *that*, at the decease of my said wife, should be equally divided" between the surviving children named, including the tenant, in the same manner as property would be divided by law, among the heirs of an intestate estate.

By a codicil, the testator revoked and altered his will, " so far as to give full force and effect to the several devises and bequests herein mentioned, and so far as the provisions made in my said will may be inconsistent with the provisions made in this codicil." He then *revoked* the bequests and legacies to the tenant, and one other child, provided in the will, and devised by codicil to the tenant, specifically, the premises in which dower is now demanded ; and made additional bequests and devises to his wife, and other alterations in the disposition of his property, not material to the present inquiry.

There is no conflict between the will and codicil in respect to the demandant's claim ; they may be construed and stand together. It is apparent that the testator intended, that his widow should not be barred of her claim of dower, in his lands not devised. He used the word *bequeath* in several parts of the will, not in its primary legal acceptation, but as synonymous with *devise*, as is shown by the context, and in that sense it must be interpreted, in giving a construction to the instrument. Wigram on Wills, 11. The terms " dower in any of my said estate, except as above excepted," refer to the exception of the realty devised. The word *dower*, both technically, and in popular acceptation, has reference to real estate exclusively. *Perkins* v. *Little*, 1 Maine, 148 ; *Brockett* v. *Leighton*, 7 Maine, 383. The definition of dower is the same at common law. But it is also apparent, that he intended that his widow should not be endowed of such portions of his lands as he chose to devise to others, if she accepted the provision made for her in the will. Or, in other words, and within the purview of the statute, in respect to such lands, it does not appear by the will that the testator plainly intended, that his widow should be entitled to dower, after having

elected to accept of such provision as he had made for her in lieu of dower, and she is therefore barred by statute.

The tenant, consequently, holds the premises devised to him, discharged of all claim of dower by the demandant, and a nonsuit must be entered.