## Anderson, et al. v. Simpson, et al.

(Decided March 19, 1926.)

### Appeal from Fayette Circuit Court.

1. Wills—Will, Devising Land to Daughters and on Death of Last Survivor to be Divided Among Their Children Held Not to Create Fee in Daughters, but Merely Life Estate.—Will, devising land to

daughters, to be managed by them and emoluments divided, and on death of last survivor to be divided among their children, held not to create fee in daughters, but merely life estate.

2. Perpetuities—Devise Restricting Sale of Land until Death of Last Survivor, then to be Divided, Held Valid.—Devise to daughters to manage and divide emoluments of land, which was not to be sold until death of last surviving daughter, then to be divided among daughters' children, held valid restriction on alienation.

3. Wills—Devise to Daughters for Life, and on Death of Survivor to be Divided Among Daughters' Children to Share Alike, Held to Require Per Capita Division.—Devise to daughters for life, and on death of survivor to be divided among daughters' children to share alike, held to require per capita division, notwithstanding one of daughters had more children than other; there being no contrary intention apparent in will.

4. Wills.—Devise to daughters for life, and on death of survivor to be divided among daughters' children, to share alike, held to create vested remainder, subject to be opened up on possible birth of any other children.

5. Wills.—Construction of will resulting in intestacy is to be avoided if it can reasonably be done.

6. Wills—Will Devising Property to Daughters for Life and on Death of Survivor With Remainder Over, Held to Clearly Rebut Presumption of Cross-Remainder for Life of Survivor.—Will, devising property to daughters for life, with remainder over on death of survivor, held to clearly rebut presumption of cross-remainder for life of surviving daughter, by providing that at death of either daughter her place in management of estate should be supplied by one of her children.

7. Wills—Devise to Daughters for Life, and on Death of Survivor to be Divided Among Their children, Held to Create Estate in Nature of Estate Pur Autre Vie Upon Death of One of Daughters (Ky. Statutes, section 3861).—Devise of property to daughters for life, and on death of survivor to be divided among their children to share alike, held, on death of first daughter, to create estate of her share in nature of estate pur autre vie, which under Ky. Stats., section 3861, would go to personal representative as personal property, to be distributed by him as such.

J. KEENE DAINGERFIELD and MORTON K. YONTS for appellants.

HUNT, NORTHCUTT & BUSH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

This is an action to construe the will of Mrs. Josephine Clay. The will reads as follows:

"I, Josephine Clay, of Fayette county, Kentucky, do make and declare this to be my last will and

testament, hereby revoking any and all wills heretofore made. After my funeral expenses and just debts are paid I direct that one thousand dollars be paid to St. Joseph's hospital, Lexington, Kentucky. I will and devise to my two daughters Lucretia C. Simpson and Mary W. Anderson all my property, personal and real. The personal property an absolute gift which they will divide between themselves, lovingly and equally. The real estate, however, is to be subject to the following conditions: It shall be managed by my two daughters (without the control or interference of any husband they now have or may have) and the emoluments to be divided equally between the two, but shall not be sold until the death of my last surviving daughter; then it is to be divided equally among my daughters' children to share alike; at the death of one of my daughters her place in the management of the estate shall be supplied by one of her children.

"It is my earnest wish that the future heirs may so arrange that Ashland may not pass out of the possession of my descendants. I repeat that there shall be no sale of the land until it becomes subject for division among the heirs as set forth above.

"I appoint my daughters, Lucretia C. Simpson and Mary W. Anderson, joint executors of this my last will and testament without security, and direct that there shall be no appraisement of my estate. I direct that my daughters be not required to make any settlement with the courts. My estate is left entirely in the hands of my daughters without intervention of the courts.

"In witness whereof I sign my name and affix my seal this 31 day of October, 1910.

"JOSEPHINE CLAY.

"I make this codicil to state that my Missouri land is not included in the foregoing trust estate, but may be sold and used by my daughters as they incline. In all other respects the above will is ratified and confirmed.

"In witness whereof I sign my name and affix my seal this 31 October, 1910.

"JOSEPHINE CLAY.

"I make to the foregoing will this my codicil to bequeath to my grandson, Henry Clay Simpson, the

gold watch that belonged to his great-great-grand-father, Henry Clay. In all other respects the foregoing will is ratified and confirmed this 15 May, 1917.

"JOSEPHINE CLAY."

The only point in controversy between the parties to this suit is as to the nature of the estates the devisees of the real estate devised in the body of the will take. The lower court adjudged that the devisees, Lucretia C. Simpson and Mary W. Anderson, took a life estate and that the appellants, Henry Clay Anderson and Matthew William Anderson, children of said Mary W. Anderson, and the appellees, Eugene Irwin Simpson, Henry Clay Simpson and Josephine Clay Simpson, children of Lucretia C. Simpson, all of whom were living at the time of the death of the testatrix, took a vested remainder in this vested real estate *per capita,* which remainder was subject to be opened up upon the birth thereafter of any other children to said Mary W. Anderson or Lucretia C. Simpson, who on being being born would share *per capita* with these now living in such remainder. The court further adjudged that should either Lucretia C. Simpson or Mary W. Anderson die before the other then the survivor was entitled to one-half of the returns and profits from the real estate for and during her life, and that the other half of such profits should be divided among the above defined remaindermen *per capita.* The judgment also provided that the provision in the will to the effect that the land should not be sold until the death of the last surviving daughter was valid.

It is not seriously contended on this appeal that so much of the judgment of the court which adjudged that the testatrix's daughters did not take a fee in this realty is not correct. We think this so plainly manifest from a reading of the will that we will not spend further time on this branch of the case.

The judgment that the restriction on the alienation of the property during the lives of these daughters was valid is also correct. Sparrow v. Sparrow, 171 Ky. 101, 186 S. W. 904.

The main contention of the appellants is that the provision in this will governing the remainder interests should be construed to require a division *per stirpes* rather than a division *per capita.* The motive for this position on the part of appellants is that Mrs. Anderson, one of the two daughters of Mrs. Clay, has but two chil-

dren, whereas Mrs. Simpson, the other daughter, has three, and inasmuch as it is highly unlikely, due to the age of these two daughters, that either one of them will ever have any more children, the *per capita* division would result in the Simpson branch of the family ulti·mately getting three-fifths of the estate, whereas the Anderson branch would get but two-fifths. It is insisted that the testatrix meant and intended that the two branches should share equally. In the very recent case of Dennis v. Shirley, 212 Ky. 114, 278 S. W. 591, this court had before it this matter of construing a will to ascertain whether a *per capita* or a *per stirpes* division was intended, and, after considering many previously decided cases bearing on the point, we said:

> "In solving the question, the first thing to be determined is the intention of the testator as gathered from the language of his entire will bearing upon the question for solution, since that intention is the only one that the courts are authorized to enforce. In determining whether he intended a *per capita* or a *per stirpes* distribution certain rules have been established which are discussed, considered and applied in a great number of cases from this court, the three latest of which are Prather v. Watson, 187 Ky. 709, 220 S. W. 532; Fischer v. Lange, 190 Ky. 669, 228 S. W. 684, and Rogers v. Burress, 199 Ky. 766, 251 S. W. 980. . . . In the opinion in the Rogers case it is said: 'We have held in an unbroken line of cases that unless a contrary intention should be discoverable from the will, a provision for a division 'equally' or 'share and share' alike between or among two or more persons or groups means a *per capita* and not a *per stirpes* distribution.''

In this Dennis case we held that a remainder devised "to my legal heirs in equal shares with one exception, viz., Eva Reed, my granddaughter, has now in her possession one sewing machine and one organ, which I now give her, and same shall not be charged to her again," was a *per capita* and not a *per stirpes* division.

In the present case the provision is that the property is to be divided "among my daughters' children to share alike." Under the Dennis case this requires a *per capita* division unless we can discover a contrary intention from the will. We are not able to see where any such contrary

intention does appear, and for that reason the judgment of the lower court holding that the remaindermen took *per capita* and not *per stirpes* is correct. It also correctly held that their vested remainder was subject to be opened up on the possible birth of any other children to either Mrs. Anderson or Mrs. Simpson. Slote v. Reiss, 153 Ky. 30, 154 S. W. 405.

This leaves for determination the precise character of the estate the daughters took, and further that part of the judgment which holds that after the death of either of the daughters, and prior to the death of the other, the remaindermen will share *per capita* in the rents and profits of the realty enjoyed theretofore by the daughter so dying. The will plainly indicated that the testatrix did not intend for the remaindermen to enjoy any part of the estate until both daughters were dead. It provides that the realty is not to be sold until these daughters are dead and then it is to be divided among the grandchildren. We gather from this that the testatrix did not intend for these grandchildren to come into the enjoyment of their remainder interest until their mothers were both dead. We then have presented a devise to the two daughters as tenants in common with a gift over on the death of both. The disposition of the share of the daughter who dies first depends, of course, on the construction of the will. Clearly the remaindermen are not entitled, for the event on which they are to take, the death of both daughters, has not happened. Scott v. Bargeman, 2 P. Wms. 68. Nor should we hold, unless compelled to, that the testatrix died, as to this share, intestate, for a construction resulting in intestacy is to be avoided if it can reasonably de done. It may then be urged that a cross-limitation should be implied under which the surviving daughter would take the whole of the estate until her death. Loring v. Coolidge, 99 Mass. 191; Douglas v. Parsons, 22 Ohio St. 526. But if the provisions of the will clearly rebut the presumption of a cross-remainder, none can be implied. Such is the case here. The provision that "at the death of one of my daughters, her place in the management of the estate shall be supplied by one of her children" indicates that the testatrix intended that this half of the income of the estate should not pass to the surviving daughter but remain in the other branch of the family until both daughters were dead. If the surviving daughter was to get all the income, there was no reason why she should not be the sole manager of it. The corpus could

not be touched until the remainder fell in. Only those could be interested in the protection of the income who would share in it. We therefore conclude that, in vesting the management of the property for income in not only the surviving daughter but also in a child of the daughter who had died, the testatrix clearly showed that she did not intend to vest the whole income in the surviving daughter. The implication of a cross-limitation is therefore clearly rebutted by the provision of the will. It is equally as clear that the testatrix intended that the share of the daughter dying should go as a part of such daughter's estate. We therefore conclude that the devise here in question was a devise to each of the daughters for the life of the survivor. See Henry v. Henderson, 103 Miss. 48, 60 South. 33. In such state of case the daughter who survives has an estate in her part for life while the estate of the other daughter, on her death, will assume the character of an estate *pur auter vie,* which, under our statute, in the event of intestacy goes to the personal representative as personal property to be distributed by him as such. Cf. Tiffany on Real Property, second edition, vol. 1, pp. 74, 75; Bignold v. Giles, 4 Drewry 343; Kentucky Statutes, section 3861.

Insofar as the judgment of the lower court conforms to the views herein expressed, it is affirmed, and in so far as it conflicts therewith, it is reversed, with instructions to the trial court to modify it in accordance therewith.

Affirming in part and reversing in part.