## Spicer, et al. v. Herald.

(Decided March 26, 1926.)

### Appeal from Breathitt Circuit Court.

Dower—Evidence Held to Show Land was Allotted Widow in Lieu of Dower, so that Possession Thereafter was Adverse.—Evidence held to show that land allotted to widow under parol partition agreement with children was in lieu of dower, and not as dower, and that her possession and that of her vendee thereafter was adverse to any claim by heirs.

E. C. HYDEN for appellants.

GRANNIS BACK and ERVINE TURNER for appellee.

Opinion of the Court by Chief Justice Clarke—
Affirming.

Lewis Sebastian died intestate prior to 1897 the owner and in possession of a tract of land in Breathitt county upon which he resided. Shortly after his death his widow and children by parol agreement partitioned his land. No deeds were executed to any of them but each took possession of the particular tract allotted to him or her. The tract allotted to the widow contained 10 acres and included the residence. Thereafter and on June 3, 1897, she conveyed one acre of same to Alex Herald by deed which purports to convey an absolute title. He promptly recorded his deed, fenced the boundary, built a residence thereon and occupied and claimed the land until his death, when his son, Tete Herald, moved upon the land and lived there until 1916, when he

conveyed same to appellee, Thomas Herald, who has continued in possession of same ever since.

Some years prior to her death, Mrs. Sebastian executed a deed to her son-in-law, Preston Arrowood, for the remaining 9 acres in consideration of his agreement to care for her the rest of her life. The officer who took her acknowledgement to this deed told Arrowood that he had better get the heirs of Lewis Sebastian to sign it. Arrowood and his wife took possession of the 9 acres and "a few years thereafter" as he puts it, he got the heirs to execute him a deed for the whole of the 10-acre tract, and for which it does not appear he paid them anything. On the 26th of February, 1918, Preston Arrowood and his wife conveyed the 10-acre tract to appellants Samuel Spicer, Green Spicer and Letcher Spicer, "subject to the dower rights of Hannah Sebastian, widow of Lewis Sebastian, in and to said land."

On December 17, 1923, the Spicers instituted this action against appellee, Herald, to recover possession of the 1-acre tract and damages for its detention. Herald denied the alleged ownership of the Spicers; alleged that Hannah Sebastian owned the land in fee and claimed title through her and also by adverse possession for more than the statutory period of 15 years. He did not, however, pray for any affirmative relief but only that the petition be dismissed and for his costs. Upon a trial the petition was dismissed and the plaintiffs have appealed.

Appellants contend that the 10-acre tract was allotted to Mrs. Sebastian as dower while appellee insists it was allotted to her in lieu of dower and in fee. If this latter be true then the possession of Mrs. Sebastian as well as that of her vendee, Alex Herald, and those who claim under him was at all times adverse to the children and heirs of Lewis Sebastian and the judgment should be affirmed, as is admitted in brief of counsel for appellants.

The witnesses are about equally divided in so far as they testified directly upon this issue, but every circumstance sustains the view that the 10-acre tract was allotted to Mrs. Sebastian absolutely and in lieu of dower or, as stated by some of the witnesses, as a child's part. That Mrs. Sebastian entertained this view of the matter and acted consistently therewith as long as she lived is clear. She not only conveyed the 1-acre tract to Herald in fee and as her own land but she refused to include same in

her deed to her son-in-law Arrowood some 15 years later when she conveyed the remaining 9 acres to him; and she did not join in the deed by which he later procured the heirs to convey the whole of the 10 acres to him. It is likewise clear that Arrowood, who was present at the partition of Lewis Sebastian's land, and whose wife was one of his heirs, also believed at the time he contracted with Mrs. Sebastian to support her for the rest of her life that she owned the 9 acres absolutely and was conveying to him the fee therein. It is hardly less clear that such was the understanding of the other heirs at that time and that Arrowood well knew that fact, for he admits he waited "a few years" after taking the deed from Mrs. Sebastian before he undertook to get them to execute the deed to him for the whole of the 10 acres. Even in this latter deed this significant clause obtrudes immediately following the description of the 10 acres: "being our interest in the lands owned by our mother, Hannah Sebastian." Moreover, this deed recites precisely the same consideration as the one executed by Mrs. Sebastian, viz., her support for life. As Arrowood had already agreed to perform and had partially performed that service for the 9 acres Mrs. Sebastian claimed and conveyed to him in fee, the only apparent consideration for or legitimate purpose of the belated deed from the heirs was their confirmation of Mrs. Sebastian's claimed right to the fee.

The conclusion is therefore unescapable that except for the suggestion by an outsider that the heirs of Lewis Sebastian had an interest in this 10-acre tract which was made 15 or 20 years after the partition of Lewis Sebastian's land among his widow and his children there never would have been any contention that the 10 acres were allotted as dower, or otherwise than in fee.

Judgment affirmed.