## Corn, et al. v. Roach.

(Decided October 9, 1928.)

## Appeal from Mercer Circuit Court.

1. **Wills.**—In construction of will, intention of testator is controlling.
2. **Wills.**—Court in construing will is not confined to mere definition of particular words employed, but is required to take comprehensive survey of entire will.
3. **Wills.**—Apparent objects operating to influence testator's mind should be considered, and words used in will given that reasonable construction best calculated to carry out wishes of testator as reflected by his will.
4. **Wills.**—Construction of will resulting in intestacy of any portion of testator's property is, if reasonably possible, to be avoided.
5. **Wills.**—Although the word "bequeath" is more correctly applied to disposition of personal property, it may, when connection in which it is employed so indicates, be effective as devise of real estate.
6. **Wills.**—Where testator directed division of his lands by deducting one-third thereof, which he devised to his wife in lieu of dower, and by apportioning the remaining two-thirds equally among his children, held that, in view of language employed in will and the evident purpose of testator to provide for his wife more than mere life estate, wife acquired fee-simple title to one-third.

C. C. BAGBY and ROY E. GRAVES for appellants.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action under the Declaratory Judgment Act (sections 639a1-639a12, Civil Code; Act of March 23, 1922, chap. 83, p. 235) was instituted to determine an actual controversy among the parties as to the character of title vested in the appellee, Susan M. Roach, by the will of her husband, W. T. Roach, who died in 1894. The testator was survived by his widow and nine children, one of whom died in infancy. The ages of the children do not appear, but it is apparent from the terms of the will, which was dated January 15, 1894, that some, if not all of them, were infants.

The will first gave to the wife, Susan M. Roach, all of the personal estate on condition that she use it to pay testator's debts and to support herself and the children

that remained with her until each of them attained the age of 21 years. The will then provided:

> "Also all of my real estate, to have said real estate in her name and possession until December 2nd, 1902, when it is my order that the real estate be divided equally among my children (naming them), to share and share alike, after one third has been deducted, which I bequeath to my wife in lieu of her dower in my real estate."

On October 8, 1908, at which time all the children had reached maturity, a division was made by which a tract of land containing 69¾ acres was allotted to the widow as her portion of the land devised by the will.

The question for decision is whether the widow took a life estate or a fee-simple title to the land devised and allotted to her.

It is argued for the appellants that the phrase "in lieu of dower" is interchangeable with the words "as dower," and that land allotted to a widow as dower is only for life. Perry v. Dance (Ky.) 112 S. W. 911. On the other hand, it is insisted that the words literally mean "instead of dower," and that the intention of the testator was to deny dower to the widow and to devise to her a fee-simple title in the place of dower. 31 C. J. p. 361; Spicer v. Herald, 214 Ky. 29, 282 S. W. 549. It will be seen that no hard and fast rule on that subject has been adopted. The intention of the testator is controlling, and the efforts of the courts are expended in ascertaining and effectuating that intention. A court, in construing a will, is not confined to a mere definition of particular words employed, but is required to take a comprehensive survey of the entire will. The apparent objects operating to influence the testator's mind should be considered and the words used in the will given that reasonable construction best calculated to carry out the wishes of the testator as reflected by his will. Prather v. Watson, 187 Ky. 709, 220 S. W. 532; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29; Martin v. Thompson, 191 Ky. 102, 229 S. W. 112; Roy v. West, 194 Ky. 96, 238 S. W. 167.

Here the testator directed a division of his lands by deducting one-third thereof, which he devised to his wife, in lieu of dower, and by apportioning the remaining two-thirds equally among his children. If he gave only a life estate to his wife, he made no disposition of the re-

mainder interest, and such a construction of the will would result in intestacy as to the remainder interest in the land allotted to his wife. Construction of a will resulting in intestacy as to any portion of testator's property is, if reasonably possible, to be avoided. Anderson v. Simpson, 214 Ky. 375, 283 S. W. 941.

We gather from the language of the will that it was the plain purpose of the testator to dispose of all his property. The terms used in providing for his wife were sufficient to vest her with a fee-simple title to the one-third of the land to be deducted and later allotted to the widow.

Although the word "bequeath" is more correctly applied to a disposition of personal property, it may, when the connection in which it is employed so indicates, be effective as a devise of real estate. Webster's New International Dictionary; Wigram on Wills, 11; Laing v. Barbour, 119 Mass. 525; Dow v. Dow, 36 Me. 216; Lasher v. Lasher, 13 Barb. (N. Y.) 109.

The language used by the testator is admittedly adequate to devise dower in real estate, and necessarily transmitted a fee-simple title, if that was the intention of the testator.

The language employed in the will, the evident purpose of the testator to provide for his wife more than a mere life estate, and the consequences flowing from a contrary construction, constrain this court to concur in the conclusion of the chancellor that Mrs. Roach acquired a fee-simple title to the land allotted to her under and pursuant to the directions of her husband's will.

Judgment affirmed.