## Lane v. Johnson's Ex'r et al.

May 4, 1945

Jay W. Harlan for appellant.

C. E. Rankin for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This declaratory judgment action was instituted by William S. Lane against the Citizens Bank & Trust Company, executor of the will of his aunt, Susie A. Johnson, the Methodist Orphan's Home of Versailles, Ky., and the Superannuated Preachers' Fund of the Methodist Church for the construction of Mrs. Johnson's will. The chancellor construed the will as devising all the estate to the two charities just mentioned, except $500 put in trust for her local pastor and the household goods and personal effects of testatrix which went to her nephew as next of kin, and he appeals.

After directing the payment of debts and funeral expenses, the will devised $500 to the bank as executor to be held by it in trust for the benefit of the pastor of the Methodist Church of Burgin, Ky., the interest thereon to be used to supplement his salary. Then follows the part of Mrs. Johnson's will under which this controversy arose:

"I give all of my household goods and other personal effects to the nearest of kin that I may have at the time of my death.

"I direct my executor hereinafter named to sell all of the remainder of my property both real and personal and to convert same into cash and divide the proceeds equally between the Methodist Orphan's Home at Versailles, Kentucky, and the Superannuated Preacher's Fund of the Methodist Church."

The estate consisted of $4573.84 on deposit in the bank to the credit of testatrix, her home which the executor sold for $3950, and household and personal effects of the value of $163.

It is the contention of appellant that in directing a sale of the remainder of her property (after having disposed of her household and personal effects), and

the cash received therefrom be divided equally between her two chief beneficiaries, that Mrs. Johnson died intestate as to the $4573.84 she had on deposit in the bank, since it was already in cash and the residuary clause only disposed of the property which had to be reduced to cash.

It is apparent that such a construction of the will would be strained and unnatural and would not carry out the intention of the testatrix.

Mrs. Johnson was 87 years of age at the time of her death in 1944 and had been a devout member of the Methodist Church for more than 50 years. Her will bears date of September 30, 1931, at which time she had a sister and a brother, both of whom died in 1938. In 1931 Mrs. Johnson's entire estate consisted of $2764 represented by time deposit certificates. Her husband died in 1936 and she inherited from him $4594.39, of which she invested $2000 in the home to which reference has been made and put the balance in bank on time deposit. Later the bank refused to carry time deposits and this money was transferred to her checking account.

The will is clear and free from ambiguity and it is hardly necessary to resort to technical rules in interpreting it. After making a special bequest and disposing of her personal effects, Mrs. Johnson plainly told her executor to reduce the balance of her estate to cash and equally divide it between the two charities she named. The fact that $4573.84 of her estate was represented by a bank deposit already in cash and did not have to be reduced to that medium, evidences no intention on her part not to dispose of it.

Appellant cites such authorities as 28 R. C. L. sec. 174, p. 214; Shields v. Shields, 185 Ky. 249, 214 S. W. 907; Price v. Price, 298 Ky. 608, 183 S. W. 2d 652, and Wright v. Denn, 10 Wheat 204, 6 L. Ed. 303, to the effect that courts must obtain the intention of the testatrix from the words used in the will and not from what they may believe was intended to be written. This is exactly what we have done in construing this will. However, we have not confined ourselves to so strict a definition of the words ''convert all the remainder of my property both real and personal into cash and divide it equally between'', as not including cash then in bank. But ra-

ther we have taken a comprehensive survey of the entire will in arriving at the intention of the testatrix as authorized in Corn v. Roach, 225 Ky. 725, 9 S. W. 2d 1074; Ward v. Curry's Ex'r, 297 Ky. 420, 180 S. W. 2d 305. This rule is especially applicable where to grant the construction for which appellant contends would leave Mrs. Johnson dying intestate as to more than half of her property.

The rule is admitted by appellant that if it reasonably can be done a construction should be given the will which should avoid partial intestacy, Anderson v. Simpson, 214 Ky. 375, 283 S. W. 941; but he insists that where the entire estate is not actually disposed of, or where the clear intention of the testatrix is not to dispose of all of her property, the presumption against intestacy is overcome. 69 C. J. sec. 1148, p. 95; Ward v. Curry's Ex'r, 297 Ky. 420, 180 S. W. 2d 305. A consideration of the whole will, together with the circumstances surrounding its execution, leaves our minds free from any doubt that Mrs. Johnson intended to dispose of all of her property.

The judgment is affirmed.